WINDSOR,
*February,*
1839.

SAMUEL TRAIN & Co. *v.* ASA JONES.

In the case of a letter of credit, the person accepting and giving credit, upon the faith of it, is not bound to give express notice to the signer of his having accepted it. It is sufficient if that fact is seasonably made known to the signer in any other way.

If such letter import an absolute undertaking, for the fulfilment of any contract made by the person to whom it is intrusted, it is sufficient to bind the grantor, without demand upon the original debtor, or notice of non-payment.

THIS was an action of assumpsit upon the following guaranty, signed by the defendant.

"Messrs. Train & Co.

"If Mr. Agustus Jones shall make a contract for four "or five hundred dollars worth of hides, I will stand res- "ponsible for the fulfilment of any contract said Augustus "Jones, or his agent, shall make."

The hides were obtained on the credit of the guaranty, of which the defendant was immediately apprized, but no express notice of that fact was proved to have been given by the plaintiffs to the defendant.

The county court instructed the jury, that, to entitle the plaintiffs to recover, they were not bound to show that express notice had been given by them to the defendant of the delivery of the hides upon the guaranty, or that the principal debtor had not paid for them. The jury returned a verdict for the plaintiffs, and the defendant excepted.

*E. Hutchinson,* for defendant, cited,

*Cremer* v. *Higginson,* 1 Mason's R. 340. *Babcock* v. *Bryant,* 12 Pick. R. 134-5. *Rapelye* v. *Bailey,* 3 Conn. R. 438 and 442. *Douglass et al.* v. *Reynolds et al.* 7 Peters' R. 126-7. *Lee* v. *Dick,* 10 Peters' R. 494-5-6. *Mann* v. *Ecksford's Executors,* 15 Wend. R. 508. 1 Swift's Dig. p. 698 and 700.

*Marsh & Swan,* for plaintiffs, cited

*Babcock* v. *Bryant,* 12 Pick. R. 133. *Norton* v. *Eastman,* 4 Greenleaf's R. 521. *Duval et al.* v. *Trask,* 12 Mass. R. 154. *Lee* v. *Dick et al.* 10 Peter's. R. 482.

REDFIELD, J.—This contract is not a continuing guaranty, for it has reference only to *one* transaction. Its obligation is future, indeed, and conditional, and, in that respect, it is in

the nature of an offer. But the condition, upon which the liability attaches, is the act of a third person, which act the defendant was as much bound to take notice of, as the plaintiffs. I find no case at common law where notice of the acceptance of such a guaranty has been required. No doubt the plaintiff should be required to act in good faith towards the defendant. But we should not extend this principle so far, as to require the plaintiff to give the defendant *express notice* of what was already known to him. Such a doctrine would involve the grossest absurdity. This court held the same doctrine in the case of *Lorillard* v. *Williams*, Chittenden county, Jan. T. 1832, not reported. The American cases, referred to, seem to require express notice in every case of a guaranty to take effect upon a future credit. But none of those cases have gone so far as to decide that such notice is necessary, when the guarantor is standing by when the credit is given, or is otherwise advertised of the fact of such credit being given. And this court would not be inclined to *extend* this principle of American law, which, in its most limited form, does not seem to rest upon the most satisfactory reasons. It is not easily to be perceived, why, in a case like the present, there is any good reason to require the plaintiff, to show more than that he delivered the goods upon the credit of the guaranty, which is the only condition, even hinted at in the guaranty, necessary for the plaintiff to perform, in order to fix defendant's liability. Such, indeed, is the decision in the case of *Caton* v. *Shaw*, 2 Harris & Gill's R. 13. But in the cases cited by defendant, and in *Showell* v. *Knox*, 1 Devereaux' R. 404, a different opinion is expressed.

Upon the other point in the case, we think the plaintiffs were not bound to make demand of the debt of Augustus Jones, or to give the defendant notice of non-payment.

In the case of *Smith* v. *Ide*, 3 Vt. R. 290, the terms of the guaranty are very similar to the present case. " Mr. Gilman says he has bought a pair of horses of you, for $260, in sixty days. I will warrant him to pay according to his agreement." In that case, it was held that the contract amounted to an absolute guaranty of the payment of the money, at the expiration of sixty days, and that it was not necessary for the creditor to make any demand of the

debtor, or give notice of non-payment to the guarantor. In the case of *Breed* v. *Hillhouse*, 7 Conn. R. 523, the same doctrine is held. From all the cases, this rule is, we think, fairly deducible. An absolute guaranty, that the debt of a third person shall be paid, or that *he* shall pay it, imposes the same obligation upon the guarantor. In either case, it is an absolute guaranty of the sum stipulated, and the creditor is not bound to use diligence, or to give notice of non-payment. But where the guaranty is, that the creditor himself shall be able to collect the debt of some third person, there it is incumbent upon the creditor to use diligence, and to give reasonable notice of non-payment. *Foster* v. *Barney*, 3 Vt. R. 60. *Russell* v. *Buck, ante,* 166. This is in accordance with the long established rule of the common law. If I undertake for the act of a third person, I am not entitled to notice of his default, before suit brought; but if I undertake directly for your act or success, I am entitled to notice of your failure, for this is a fact peculiarly within your knowledge. This point is virtually decided in *Knapp* v. *Parker*, 6 Vt. R. 642.

Judgment affirmed.