### GEO. B. OAKS *v.* WILLIAM WELLER.

A guarantor is entitled to notice that his guaranty is accepted.

ASSUMPSIT.

The plaintiff, in his declaration, alleged in substance, that
in consideration that the plaintiff would settle a debt, due
from Thomas M. Taylor to Warren Hill, and procure Wm.
A. Prentiss to be discharged from his liability, as bail for the
said Taylor, the defendant promised to secure the plaintiff
for one third part of said debt, payable in January, 1833,
and the plaintiff averred performance, on his part, and notice to the defendant.

Plea, *non assumpsit*, and trial by jury.

On the trial in the county court, the plaintiff read in evidence letters to the plaintiff, of the following tenor :

" Mr. Geo. B. Oaks, Sir : I have come to the conclusion,
with the advice of friends, to remain in Canada, and not go
to Burlington at present, but will conform to the arrangement that was made with you at Coburgh, to wit, that if you
will take the Warren Hill debt on your own shoulders, and
have Mr. Prentiss discharged as bail, I will secure you with
Mr. Weller's note for one third, payable in January, 1833,
and give you my notes for the other two thirds, in yearly payments thereafter.   I am informed by Mr. Weller, that Mr.
Allen (Hill's attorney,) would take your notes with security,

and receive the above payments. I will hold myself responsible to make the above arrangement, at any time that you will write me that the business is done with Mr. Allen.

CHITTENDEN,
*January,*
1841.

─────────

Oaks
*v.*
Weller.

Yours truly,

March 7, 1832.        THOMAS M. TAYLOR."

"Mr. G. B. Oaks, Sir: I will send you a note for fifty pounds, as soon as you settle the debt with Mr. Allen, as Mr. Taylor states.

Yours truly,

WILLIAM WELLER."

The plaintiff also read in evidence the deposition of one Bliss, who testified that, in the spring of 1834, the plaintiff sent the above letters by witness to Upper Canada, (where the defendant resides,) with instructions to collect the fifty pounds, above mentioned, of the defendant; that he (witness,) called at defendant's residence in Coburgh, and, not finding him at home, left a line with his wife, notifying him that plaintiff had sent the letters by witness, and that plaintiff had settled the debt mentioned in said letters, and witness' knowledge of the fact; and further notifying the defendant, that he must meet witness at Belville, to settle the fifty pounds, and interest; that afterwards, the defendant answered witness' letter, and requested the witness to come and see the defendant and Taylor together; that witness afterwards saw the defendant at Coburgh, when the latter inquired if witness was not the man from whom he (defendant,) received a letter, concerning the collection of Oaks' debt, but, at that time, had no further conversation, the witness having returned the papers to the plaintiff.

The plaintiff then called Peter L. Allen, as a witness, who testified, in substance, that on the second day of April, 1832, the plaintiff executed two notes, of two hundred and fifty dollars each, payable to Heman Allen, which notes the witness signed as surety for the plaintiff; that these notes were accepted, in full satisfaction of the claim of Warren Hill against Wm. A. Prentiss, as bail for said Taylor, and a suit then pending in the county court, in favor of Hill against Prentiss, as such bail, was discontinued.

The defendant read, in evidence, the deposition of Wm. A. Prentiss, which tended to prove that, during the pendency of said suit in favor of Hill against him, by an agreement

between him and the plaintiff, the claim was settled by deponent, with the understanding that deponent should pay an equal proportion of the amount, when in his power, in case the whole or any part should not be realized from Taylor;—that in the month of February, 1836, the deponent and plaintiff made a settlement relating to said claim, at which time the deponent paid the plaintiff $142,18, and, at the same time, entered into a written agreement to pay him the further sum of $158,57, in five years, provided the plaintiff should not succeed in realizing the whole or any portion of the claim of Taylor, nor the sum of two hundred dollars from the defendant, Weller; and that the plaintiff agreed to refund to deponent the sum paid by Taylor, or an equal proportion of whatever the plaintiff might collect of Taylor, or any other person, on account of said claim.

From this testimony, the defendant contended, and requested the court to charge the jury, that the legal construction of the letters and understanding, on the part of the defendant, was, that if the plaintiff would assume the demand of Hill and discharge Prentiss therefrom, and give notice thereof in a reasonable time to Taylor or the defendant, then the defendant would transmit to the plaintiff a note for fifty pounds, payable in January, 1833, but that the defendant could not be holden without such notice, and that the settlement, discharge of Prentiss, and notice thereof, from the terms of the understanding, must have been previous to January, 1833, and that the notice proved by the deposition of Bliss was not sufficient to enable the plaintiff to maintain this suit. But the court considered, and so directed the jury, that the notice proved by the deposition of Bliss was sufficient to entitle the plaintiff to recover.

The jury returned a verdict for the plaintiff, and the defendant excepted to the decision and charge of the court.

*C. Adams*, for defendant, in support of the exceptions, cited *Cooke* v. *Oxley*, 3 Term R. 653. *Payne* v. *Cave*, 3 do. 148. *McCulloch* v. *Ins. Co.*, 1 Pick. 278. *McIver* v. *Richardson*, 1 M. & S. 557. *Eliason* v. *Henshaw*, 4 Wheat. 225.

*J. Maeck*, for plaintiff.

1. If the defendant was entitled to notice, the jury, from

the facts in the case, were warranted in finding seasonable notice.

2. The agreement was an original undertaking, and no notice was necessary. Notice is necessary only in cases where the knowledge rests exclusively with the plaintiff. *East* v. *Thoroughgood*, Cro. Eliz. 834. *Holmes* v. ———, Hobart, 51. *Hodges* v. *Worley*, Cro. Jac. 405. *Beresford* v. *Woodruff*, Cro. Jac. *Pullin* v. *Stokes*, 2 H. Bl. 312. *Crane* v. *Crompton*, Cro. Car. 34. *Child* v. *Horden*, 2 Buls. 143. Lawes' Pl. in Assump. 216, 220, 221. Cro. Jac. 432.    16 Vin. Ab. p. 5. pl. 10. *Hall* v. *Rand*, 8 Con. R. 560. *Williams* v. *Granger*, 4 Day, 444. *Smith* v. *Goff*, 11 Mod. 48. S. C., 2 Salk. 457. *Townsley* v. *Want*, 2 Peters, 182. *Goodman* v. *Chase*, 1 Barn. & Ald. 297.

3. If the agreement is considered a guaranty, no notice to the guarantor, that a credit was given on the faith of it, is necessary. *Oxley* v. *Young*, 2 H. Bl. 613. Nor is the guarantor discharged by the neglect of the holder to give notice of the principal's default. *Nares* v. *Rowles*, 14 East, 510. *Trent. Nav. Co.* v. *Harley*, 10 -East, 34. *London Ass. Co.* v. ———, 16 C. L. R. 368. Cases where it has been held that notice was necessary were offers to guaranty. *McIver* v. *Richardson*, 1 M. & S. 557. *Symmons* v. *Want*, 3 C. L. R. 387.

4. The plaintiff had a right to accept defendant's offer at any time before it was withdrawn. *Morse* v. *Bellows*, 7 N. H. Rep. 549. *Sturges et al.* v. *Robbins*, 7 Mass. 301. *Train* v. *Gould*, 5 Pick. 562. *Harris* v. *Stevens*, 7 N. H. R. 454. *Adams* v. *Lindsell*, 1 B. & A. 681. *Martin* v. *Ferth*, 6 Wend. 113. *Pierce* v. *Turner*, 1 Fairfield's R. 185. Ch. on Con. 12.

Should the court hold that notice to the defendant was necessary, the effect would be that the person offering to pay the debt of another, upon certain conditions to be performed by the promisee, might revoke his offer at any time before notice, even after the condition had been performed, leaving the promisee remediless—and, in the present case, the plaintiff would lose the amount paid by him at the defendant's request.

CHITTENDEN,
January,
1841.

Oaks
v.
Weller.

The opinion of the court was delivered by

COLLAMER, J.—The courts in this state, following the American decisions on the subject, have holden that a guarantor shall have notice of the acceptance of his guaranty. But they have also holden that this notice need not be a direct, actual and personal notice, given only by the plaintiff or his agent. Whether notice was had, is a question of fact, to be found by the jury, from the testimony and circumstances in the case. This was so decided in the case of *Lorillard* v. *Williams*, in this county, and in *Train* v. *Jones*, in Windsor county. The reasonableness of this principle is quite obvious, and commends itself to the moral sense. When a proposition is made by a man for a thing to be done for himself, he must know, when done, that it is done on his proposition. But when he proposes his responsibility for a thing to be done for another, he may not know that it is done, or, even if he does, he will not know whether it was done on his proposition, or on the sole credit of the third person, or on some other security. The responsibilities and duties of a guarantor imply certain correlative rights and privileges, which, without notice of his condition, he can never exercise. If he is to stand as surety, he must have the right to keep watch of his principal and his circumstances; hold or demand proper security, from time to time, and require of his principal reasonable punctuality, and even, in chancery, to secure indemnity by enforcing payment by the principal. These important rights cannot be available while he remains ignorant of his proposition of guaranty having been accepted. All these principles apply with equal force to all persons, though not strictly and technically guarantors, who come in aid of another.

It is, however, much insisted, in this case, that it is dangerous to hold such a doctrine; for this, that, to treat the notice as a condition precedent, would enable the surety, after the acceptance and performance, to revoke *before notice*. But we recognize no such principle. If the law attaches a stipulation or a condition to a contract, it is to be treated the same as if expressed in the contract. And if two or more things are to be done in succession, the law gives a reasonable time for their successive performance. Hence, where the law interposes a notice between the matter to be done

by the plaintiff, and the ultimate liability of the defendant, it allows the plaintiff, after entering on his performance, a reasonable time to give the notice ; and, for that time, the power of revocation is suspended. Still, all must be performed before a right of action accrues. This is so in all contracts. If a man were to propose to another, if he would build a house and paint it, he would, on demand, pay him therefor, and the other, in reasonable time, entered upon building the house, it would be then too late to revoke ; still, no recovery could be had, unless, in reasonable time, the house was *built* and *painted*, and *demand made.* So if a man write, " *if you will do such a service for another, I will pay you ;*" that, in legal effect, is, " do that for him, and let me know it, in reasonable time, and I will be ultimately liable." If the thing to be done be seasonably entered upon, the offer cannot be revoked ; but, before action accrues, the whole must be performed ; that is, the thing must be done, and the notice must be given, in the time stipulated, and if none be stipulated, then in a reasonable time. Therefore, holding a notice necessary does not permit a revocation after the performance is entered upon.

In this case, the defendant came in aid of Taylor, and proposed, if the plaintiff would assume the debt of Taylor, and procure the discharge of his bail, (Prentiss,) he would execute his note for fifty pounds. The defendant resided in Upper Canada, and the matter to be performed by the plaintiff was in Vermont. The defendant was clearly entitled to notice from the plaintiff, that he had performed, on his part, and relied on the defendant. It could not be expected the defendant was to come and see the creditor, to ascertain if the plaintiff performed ; nor could he so ascertain, whether it was done *on his proposition.* Though when the plaintiff had assumed Taylor's debt, the defendant could not have revoked his offer, yet he could not be responsible, unless he, in reasonable time, received notice that he was relied on. This he needed, and this he was entitled to have, for the reasons already stated. But we find that no notice was attempted to be given the defendant, until two years after the transaction, and then very loose and unsatisfactory. This was not sufficient.

But it is hardly necessary to hold, in this case, any more

CHITTENDEN,
*January,*
1841.

Oaks
*v.*
Weller.

than to say that, *by the very terms of this contract*, notice was necessary. The defendant's line, alone, is too imperfect to show *any* contract. Taken with Taylor's letter, they, together, make the contract. Taylor proposes, if the plaintiff will assume his debt, &c., he will, *when written to that the business is done*, give his and Weller's notes. Weller but adds his assurance of his note. Now, there is no proof that Taylor has ever been written to, nor in any way informed that the plaintiff has assumed his debt; and, clearly, the defendant, as surety for Taylor, cannot be holden when Taylor, his principal, is not.

Judgment reversed.