## THE WOODSTOCK BANK *v.* SOLOMON DOWNER.

*Guaranty, construction and extent of notice of its acceptance, &c.*

A guaranty of a note in the following form, " *I guarantee the said note is good and the payment of the same,*" is an absolute undertaking, and in order to hold the guarantor, it is not necessary to duly present the note for payment, give notice of its non-payment or commence a suit thereon against its maker.

Notice of the acceptance of a guaranty received within a reasonable time, *from any source,* will be sufficient to hold the guarantor.

Such notice need not be shown by direct proof, but may be inferred from what took place at the time of giving the guaranty, subsequent casual conversations of the guarantor with

Woolstock Bank *v.* Downer.

third persons and his conduct and remarks in reference to the collection of the demand of the person, for whose benefit the guaranty was given.

The costs of a suit against the maker of a note cannot be recovered of a person who guarantees its payment; such a suit not being necessary to charge him.

ASSUMPSIT. The declaration counted, with proper averments, upon a written guaranty, of which the following is a copy.

" MR. JOHNSON, SIR.

" I wish you to discount a note dated Royalton, April 3, 1847, " for the sum of four hundred dollars, signed by John H. Rich-" ardson, Lewis S. Fish, Levi Rix, and Seth A. Chase, and I " guarantee the said note is good and the payment of the same."

Plea, the general issue; trial by jury, December Term, 1854,— UNDERWOOD, J., presiding.

It appeared that on or about the 3d of April, 1847, the persons named in said guaranty made their note of the date and for the sum therein named, payable to the plaintiffs, ninety days from date, and presented the same to the defendant and requested him to sign it with them, as their surety. The defendant declined signing the note; but offered to give and did give to one of the makers of said note the above guaranty, and remarked that it would be equally beneficial and serve all the purposes that signing the note would. The note and guaranty were presented the same day to said Johnson,—who was the cashier of the plaintiffs,—and the note was thereupon discounted by the plaintiffs upon the credit of said guaranty, which they accepted. In the following May the signers of said note failed in business, their property was attached and sold, and they have ever since been irresponsible. On the 19th of October, following, the plaintiffs commenced a suit on said note against the makers, and obtained a judgment thereon at the next term of the Windsor county court and took out an execution thereon, and put the same into the hands of an officer, who returned *nulla bona* thereon. Said Johnson, the cashier of the plaintiffs, testified that he never gave the defendant any notice of their acceptance of the guaranty until said note was put in suit, but that he did then inform him of it.

The plaintiffs gave evidence tending to show that, when they gave their writ against the signers of the note to the officer, they directed him to call upon upon the defendant to give directions, as

they held his guaranty; and that the officer did so, and informed Downer what the plaintiffs had said, and that the defendant told the officer, on that occasion, that Chase ought to have and that he thought he had some property to be attached. The plaintiff's evidence further tended to show that, at the time of said failure, said Fish & Richardson were merchants at Royalton, occupying a store rented of the defendant, and were indebted to him for rent, and that the defendant caused writs to be served on them for said indebtedness; that the defendant was frequently at their store before and after the failure and had some business transactions with them; that immediately after the failure he made inquiries of them whether the signers of the note had taken care of him, and that said Richardson informed him, the signers of the note had executed to one Chase, deputy sheriff, a note for his benefit, covering the amount of the bank debts and caused an attachment to be made, but it did not appear that the defendant had any knowledge of the fact previously.

It did not appear that the defendant took any collateral security, or ever gave up any which he might have taken, nor did it appear that the defendant made any objection that notice of the acceptance of the guaranty came too late, or that he ever claimed to have suffered injury in consequence of such late notice, or that he ever expressed any surprise at the lateness of the notice. There was no evidence in the case tending to show any demand of payment on the makers of the note when it fell due, or any notice then to the defendant of its non-payment.

The defendant testified that he was never notified of said acceptance of said guaranty until the said writ of the plaintiffs was served on the signers of the note; but there was testimony tending to show that during the previous spring he spoke of being holden for them at the Woodstock Bank. It appeared that the note given to deputy Chase for the defendant's benefit was in no part secured by the writ made on it, the property all having been consumed by prior attachments.

The defendant requested the court to charge the jury that the plaintiffs should have shown a demand for payment, on the makers of the note, at its maturity, and a notice to the defendant of its non-payment, and that notice of the acceptance of the guaranty

was given to the defendant within a reasonable time after its acceptance, and that there was no evidence tending to show either of those facts. The court declined to charge the jury as requested; but did charge them that the plaintiffs were bound to show that the defendant had reasonable notice of the acceptance; that it was not necessary that the notice be given by the plaintiffs, but it would be sufficient if the defendant was notified by the signers of the note or any of them, or if he obtained notice in any any other way so that he fully understood and knew that the plaintiffs had accepted the guaranty and relied upon it, it would be sufficient; that the question, as to whether the defendant had reasonable notice, was one for the jury to determine from all the proof and circumstances of the case; and that to determine this question it became important for them to find when and how soon after the acceptance the defendant had notice of it; that with reference to this point, they would be at liberty to consider, as circumstances, the defendant's conversations with reference to said guaranty at or about the time of the said failure; the circumstances that when apprised of the acceptance, then, or at a later period he expressed no surprise at the lateness of the notice and his not claiming to have received any injury in consequence of it, and his failing to make any objections on account of the lateness of the notice, and his business transactions with Richardson & Fish before and after the failure. The jury were also told that they might consider, as circumstances, the fact that the defendant saw the note when executed, that it was given on time, and his telling Fish the guaranty would answer all the purposes of signing the note, and of Fish's taking the guaranty and note for the purpose of obtaining the money at the bank; that, considering these, and all the other proofs and circumstances in the case, they were to consider whether the defendant had reasonable notice of the acceptance of the guaranty; if they found that he had, their verdict should be for the plaintiff; but if they considered and found the notice not reasonable, they should return a verdict for the defendant. The jury returned a verdict for the plaintiff. To the refusal of the court to charge as requested, and to the charge as given, the defendant excepted.

*J. S. Marcy* for the defendant.

*Converse & Barrett* for the plaintiffs.

The opinion of the court was delivered by

BENNETT, J. The language of the defendants promise is, "I "guarantee the said note is good, and the payment of the same."

There is no ground for the claim, that to charge this defendant, the note must have been presented to the makers at maturity for payment, and due notice given of its non-payment. The law merchant is not applied to a guaranty like the one before us, and if this had been a conditional guaranty, all that the law would have required, would be the use of reasonable diligence.

The court did charge the jury that notice of the acceptance of the guaranty must have been given within a reasonable time. It was a conceded point, at the trial, that the bank had accepted the guaranty, and, upon the faith of it, had discounted the note for the benefit of the signers; and the jury under the charge of the court must have found that the defendant had notice, within a reasonable time, of the acceptance of the guaranty. It has been settled in this state that this notice need not be proved by direct testimony; but it may be inferred, and that it might have come from the plaintiffs, or from the makers of the note, or from some other source. See *Train & Co.* v. *Jones*, 11 Vt. 444. There is no ground of complaint to the charge of the court, then, thus far.

We do not discover that the judge, in his charge, authorized the jury to take anything into consideration, which had not some tendency to show that the defendant might have had notice of the acceptance of the guaranty within a reasonable time. Some of the considerations alluded to by the judge in his charge would not have a very decided bearing upon the question before the jury; but if they had any tendency to prove the fact of notice, they were to be weighed by the jury, however slight they might be.

The case of *Oaks* v, *Weller*, 13 Vt., 106, seems in principle to sustain the direction given the jury in all its particulars.

Notwithstanding the case of *Russell* v. *Buck*, 11 Vt. 166, we are all well agreed that this is an absolute guaranty.

Though the guaranty that the note *was good*, standing alone might have been but a conditional promise, yet, when it is added, "and the payment of the same," it evidently becomes an absolute promise.

It is a promise that the makers will pay the note according to its tenor. No notice, then, that the makers had not paid the note was necessary.

The defendant, however, was not liable to pay the costs in the suit against the makers. That suit was not necessary to charge the defendant, and the costs should not have been included in the damages.

The judgment, then, must be reversed with costs to the defendant, and judgment for the plaintiffs to recover the amount of the note and interest. No costs to be taxed for the plaintiff in this court.