BLACK, STARR AND FROST *vs.* EDWARD R. GRABOW.

Suffolk.   November 12, 13, 1913. — February 26, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Guaranty.   Notice.   Contract,* Acceptance.

Where a guaranty in writing of the future obligation of another is in the nature of an offer and not pursuant to some previous understanding or arrangement, and no consideration is acknowledged in the instrument or moves directly to the guarantor, and where the circumstances of the parties and the nature of the transaction do not indicate that knowledge of acceptance will come quickly to the guarantor, notice of acceptance must be given to the guarantor within a reasonable time in order to hold him on his guaranty.

In an action on a guaranty in writing it appeared that the defendant signed and gave to one M a letter addressed to the plaintiff as follows: "M has asked me to guarantee a bill that he is incurring at your store to the amount of $400. I hereby do so, and if same is not paid within six months from date that upon presentation of the bill to me I will pay it." M handed this letter to the plaintiff, who thereafter delivered to M a diamond ring for the price of $450, on which M paid the plaintiff $50 and failed to pay the balance of $400. There was no evidence that the defendant had any knowledge that his letter had reached the plaintiff or had been accepted or acted upon. There was nothing to show that the plaintiff and the defendant ever communicated with one another upon this matter before the date of the letter. The letter was written in a foreign country, and M at that time was employed by the defendant as an advertising agent. *Held,* that the plaintiff could not recover, there being no evidence of a reasonable notice to the defendant of an acceptance of the guaranty.

CONTRACT by a business corporation on a guaranty in writing, which is set forth in the opinion.   Writ in the Municipal Court of the City of Boston, dated September 6, 1912.

On removal to the Superior Court upon a claim of trial by jury under St. 1912, c. 649, § 3, the case was submitted to *Fox,* J., upon an agreed statement of facts.   The judge ordered judgment for the plaintiff in the sum of $419.   From the judgment entered in pursuance of this order the defendant appealed.

*H. S. Davis,* for the defendant.

*G. V. Phipps,* for the plaintiff.

RUGG, C. J.   This is an action upon a guaranty of the tenor following:

"Port Antonio, Jamaica, B. W. I.,
February 22nd, 1909.

Mr. Witherby Black,
c/o Black, Starr & Frost,
N. Y. City.

Dear Sir:

Mr. I. Percy Mills has asked me to guarantee a bill that he is incurring at your store to the amount of four hundred dollars. I hereby do so, and if same is not paid within six months from date that upon presentation of the bill to me I will pay it.

Yours very truly,
E. R. Grabow."

This letter was given by the defendant to I. Percy Mills, who in turn handed it to the plaintiff. On March 9, 1909, the plaintiff, after receipt of the letter, delivered to Mills a diamond ring for the price of $450, a credit being given him for $50. No notice was given by the plaintiff to the defendant that the guaranty had been accepted by it. Mills was in the employment of the defendant as an advertising agent at the time the letter was written. There is no evidence, however, that the defendant had any knowledge that his letter actually had reached the plaintiff, or had been accepted and acted upon by it. There is nothing to show that the plaintiff and the defendant ever had any communication with each other upon this matter before the date of the letter. The point to be decided is whether liability became fixed upon the defendant.

It was said by Hoar, J., in *Whiting* v. *Stacy*, 15 Gray, 270, "The doctrine has been repeatedly announced by this court, and it must now be regarded as the settled law of Massachusetts, that, as a general rule, in order to maintain an action against a guarantor of a future contingent event, notice that the guaranty has become operative must be given in a reasonable time to the guarantor. *Babcock* v. *Bryant*, 12 Pick. 133. *Bickford* v. *Gibbs*, 8 Cush. 154, 156. *Courtis* v. *Dennis*, 7 Met. 510, 519. *Clark* v. *Remington*, 11 Met. 361, 366." The form of guaranty in that case was very similar to that in the case at bar. In *Bishop* v. *Eaton*, 161 Mass. 496, it was said by Knowlton, J., at 500, "It has been held in cases like the present, where the guarantor would not know of him-

self, from the nature of the transaction, whether the offer has been accepted or not, that he is not bound without notice of the acceptance, seasonably given after the performance which constitutes the consideration." To the same effect see *Schlessinger* v. *Dickinson,* 5 Allen, 47, 51; *Mussey* v. *Rayner,* 22 Pick. 223, 228; *Cumberland Glass Manuf. Co.* v. *Wheaton,* 208 Mass. 425, 431; *Lascelles* v. *Clark,* 204 Mass. 362, 376. The question now presented did not arise in *Vinal* v. *Richardson,* 13 Allen, 521, or *Welch* v. *Walsh,* 177 Mass. 555.

Although it may be that there is no universal doctrine in this Commonwealth that " acceptance of an offer must be communicated in order to make a valid simple contract," *Lennox* v. *Murphy,* 171 Mass. 370, 373, yet it is true that where a guaranty is in the nature of an offer and not pursuant to some previous understanding or arrangement, and no consideration is acknowledged in the instrument and none moves directly to the guarantor, and the circumstances of the parties and the transaction are not such as to indicate that knowledge of acceptance quickly will come to the guarantor, notice of acceptance must be given within a reasonable time in order that the guarantor may be held. *Allen* v. *Pike,* 3 Cush. 238. *Davis Sewing Machine Co.* v. *Richards,* 115 U. S. 524. *McIver* v. *Richardson,* 1 M. & S. 557, 564. *Mozley* v. *Tinkler,* 1 Cr., M. & R. 692. *American Agricultural Chemical Co.* v. *Ellsworth,* 109 Maine, 195.

The case at bar comes within this rule. It was an offer which, under all the attendant conditions, required notice of acceptance in order to make it a binding contract. The transaction would not warrant the presumption of a waiver of notice. The relation of the parties was not such as to support the conclusion that the defendant knew through other channels that his offer to become responsible had been acted upon by the plaintiff. The guaranty was dated in the West Indies. There is nothing in the record to show for how long a time Mills remained there, or when he returned to this country. The nature of the relation between an employer and an advertising agent is not such as to call for the inference of knowledge of the event speedily after the delivery to him of a diamond ring.

<em>Judgment reversed.</em>