LANE BROTHERS COMPANY *vs.* WILLIAM SHEINWALD.

Suffolk.   March 5, 1931. — March 6, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Guaranty.   Contract,* What constitutes.

Where an unsealed guaranty is in the nature of an offer and not pursuant to some previous understanding or arrangement, and no consideration is acknowledged in the instrument and none moves directly to the guarantor, and the circumstances of the parties and the transaction are not such as to indicate that knowledge of acceptance quickly will come to the guarantor, notice of acceptance must be given within a reasonable time in order that the guarantor may be held.

At the trial of an action upon a guaranty, it appeared that the plaintiff, a corporation, after having refused to sell goods on credit to a customer unless he gave to it a guaranty of a debt then existing or to be incurred thereafter to a specified amount, gave to the customer a form of guaranty which he took to the defendant, to whom he stated the facts and who then signed it without a seal.   The guaranty was addressed to the plaintiff and was in the following form in substance: "For value received and in consideration of your selling to . . . [the customer], I do hereby guarantee the payment at maturity of bills or at any time thereafter on your demand for all such purchases made by the said . . . [customer] to the amount of Four Hundred Dollars, whether such indebtedness now exists or is incurred hereafter; and I hereby waive notice of the extension of credit or delinquency of payment.   This guaranty is for a running account and is a continuing guaranty and is to remain in force until revoked by me in writing, and until such revocation is acknowledged in writing by . . . [the plaintiff]; and it is herein distinctly understood and agreed that such revocation has no effect upon the amount owing to . . . [the plaintiff] at the time of revocation and is only effective upon subsequent purchases made after revocation has been acknowledged in writing by . . . [the plaintiff]."   There was no evidence of any notice to the defendant by the plaintiff touching the guaranty, and no finding that such notice was given by the plaintiff or reached the defendant. *Held,* that a finding for the plaintiff was not warranted.

CONTRACT upon the guaranty, set out below, addressed to the plaintiff and signed by the defendant.   Writ in the Municipal Court of the City of Boston dated July 1, 1930.

The alleged guaranty was as follows: "For value received and in consideration of your selling to Foss Shoe Store, Inc.,

of Boston, Mass., I do hereby guarantee the payment at maturity of bills or at any time thereafter on your demand for all such purchases made by the said Foss Shoe Store, Inc., to the amount of Four Hundred Dollars, whether such indebtedness now exists or is incurred hereafter; and I hereby waive notice of the extension of credit or delinquency of payment. This guaranty is for a running account and is a continuing guaranty and is to remain in force until revoked by me in writing, and until such revocation is acknowledged in writing by Lane Brothers Company; and it is herein distinctly understood and agreed that such revocation has no effect upon the amount owing to Lane Brothers Company at the time of revocation and is only effective upon subsequent purchases made after revocation has been acknowledged in writing by Lane Brothers Company."

Evidence at the hearing in the Municipal Court is stated in the opinion. The judge found for the plaintiff in the sum of $342.81 and reported the action to the Appellate Division, who ordered the finding vacated and judgment entered for the defendant. The plaintiff appealed.

The case was submitted on briefs.

*F. H. Pardee*, for the plaintiff.

*J. Wasserman & W. M. Parker*, for the defendant.

RUGG, C.J. This is an action of contract based on a written guaranty. The facts are these: The plaintiff refused to sell merchandise on credit to the Foss Shoe Inc. unless the latter gave to it a guaranty of a debt then existing or to be incurred thereafter to a specified amount. The plaintiff gave a stock form of guaranty, suitable for signature by anybody, to the Foss Shoe Inc. whose manager took it to the defendant and made to him a full statement of the facts just narrated. The defendant thereupon signed the guaranty and turned it over to the manager, to be in turn delivered by him to the plaintiff. There was no evidence tending to show any notice to the defendant by the plaintiff touching the guaranty, and no finding that such notice was given by the plaintiff or reached the defendant. There is no finding as to the time the guaranty reached the plaintiff.

It was said in *Black, Starr & Frost* v. *Grabow,* 216 Mass. 516, 518, with ample review and citation of relevant authorities, that "Although it may be that there is no universal doctrine in this Commonwealth that 'acceptance of an offer must be communicated in order to make a valid simple contract,' *Lennox* v. *Murphy,* 171 Mass. 370, 373, yet it is true that where a guaranty is in the nature of an offer and not pursuant to some previous understanding or arrangement, and no consideration is acknowledged in the instrument and none moves directly to the guarantor, and the circumstances of the parties and the transaction are not such as to indicate that knowledge of acceptance quickly will come to the guarantor, notice of acceptance must be given within a reasonable time in order that the guarantor may be held." There is nothing inconsistent but, on the contrary, everything in harmony with this statement in cases like *Paige* v. *Parker,* 8 Gray, 211, and *Stauffer* v. *Koch,* 225 Mass. 525, where the relations of the parties and the transactions as entireties were held to bring notice home to the guarantor that his guaranty had been accepted. That statement completely governs the case at bar and prevents recovery by the plaintiff.

The order of the Appellate Division vacating the finding of the trial judge and ordering judgment for the defendant is

*Affirmed.*