MANLEY BROTHERS, INC. *v.* GUY H. BUSH.

November Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1934.

58

*Frank E. Barber* for the plaintiff.

*M. H. Alexander* for the defendant.

SLACK, J. The action is contract to recover on a written instrument which reads as follows:

"Brattleboro, Vt., May 28, 1920.
Manley Bros. Co., Inc.,
Brattleboro, Vermont.
Gentlemen:

In consideration that you sell to W. S. Pease merchandise on open account, I will personally guarantee payment of any of his accounts to the extent of $1000, as the maximum amount that I am responsible for.

Very truly yours,
Guy H. Bush
W. S. Pease

Witness:
Leo J. Poissant"

The case was heard on an agreed statement of facts, the defendant had judgment, and the case is here on plaintiff's exceptions.

The facts material to the questions considered are these: Defendant executed the instrument in question on the date thereof; it came into the possession of the plaintiff that day or soon after; thereafter the transactions appearing in plaintiff's specifications were had between plaintiff and Pease; such transactions occurred between June 9, 1920, and May 12, 1924, except a credit to Pease on December 13, 1924; defendant was not notified by plaintiff of acceptance of the alleged guaranty except by a letter dated December 6, 1926, the body of which was as follows:

"In regard to the W. S. Pease's account with us, you no doubt remember some time ago of giving us a guarantee on this account up to $1000. We have written Mr. Pease several times in regard to his account but do not seem able to get a reply. Wont you try to use your influence on him so that he will do something by way of making payment on his account, as the same to date amounts to something over $7000. We must have some action along this line as we feel we have let the account run long enough. Anything you can do in helping out the situation will be very much appreciated."

This was the first communication that passed from the plaintiff to the defendant. The defendant replied December 14, 1926:

"Your letter being delayed in St. Albans has just arrived. Now being so long a period since signing with Mr. Pease, you will convey me a great favor by sending an exact copy of same. And I will see what can be done."

December 15, 1926, plaintiff wrote defendant:

"As requested in your letter of the 14th, I enclose herewith copy of the guarantee you gave us in connection with the W. S. Pease account. The last payment made by Mr. Pease on his account with us was in 1923, and since such time we have been unable to obtain further payments, hence our reason for writing you with reference to your guarantee. The last two or three letters written to Mr. Pease were never replied to."

to which he replied on February 5, 1927:

"Will you please send me a statement of the W. S. Pease acct during the period of years that the guaranty was in force—as, of course, I have got to take some action against Mr. Pease."

This action was brought July 13, 1932.

The questions briefed are: (1) Was the defendant liable on the alleged guaranty without notice of its acceptance by the plaintiff? and (2) had the statute of limitations run on plaintiff's claim at the time this suit was brought?

Whether this action can be maintained on the agreed facts does not depend upon the determination of either question; but, since the first has been fully briefed by both parties, we have considered it.

Regarding this question there appears to be a hopeless conflict in the authorities. In part this is due to failure to distinguish between an actual guaranty and an offer of guaranty, and in part to the language of the particular instrument involved. Beyond this there is no explanation for the opposing views.

██ To constitute a contract of guaranty, like any other contract, there must be a meeting of minds of the parties; an offer by one of them and an acceptance of such offer by the other. An offer is but a step in the negotiations; the guaranty is the result of the negotiations. It is agreed that the alleged guaranty is continuing in its nature, that is, that it covered future credits to be extended by plaintiff to Pease. Such instruments are generally construed as an offer of guaranty rather than an actual guaranty, and require seasonable notice of acceptance. 12 R. C. L. 1069, par. 19, and cases cited. The rule stated in *Davis Sewing Machine Co.* v. *Richards,* 115 U. S. 524, 29 L. ed. 480, 6 Sup. Ct. 173, is determinative of the necessity for notice of acceptance in most instances. It is: "If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract." See, too, *Davis* v. *Wells, Fargo &*

*Co.*, 104 U. S. 159, 26 L. ed. 686, where the earlier decisions of that court are reviewed.

 Our cases, without exception, recognize the necessity of notice of acceptance of a proposal of guaranty, *Train & Co.* v. *Jones*, 11 Vt. 444; *Oaks* v. *Weller*, 13 Vt. 106, 37 A. D. 583; *Lowery et al.* v. *Adams*, 22 Vt. 160; *Woodstock Bank* v. *Downer*, 27 Vt. 539; *Noyes* v. *Nichols*, 28 Vt. 159; and *Roberts* v. *Griswold*, 35 Vt. 496, 84 A. D. 641; but hold, in some instances, that the circumstances disclosed constitute such notice or are evidence of it. In the latter case, Barrett, J., said: ''But it is well understood that in order to bind the defendant upon his proposition, it must appear that he was notified of the plaintiff's acceptance of it and reliance upon it.'' In *Maynard* v. *Morse et al.*, 36 Vt. 617, a case relied upon by plaintiff, the court said that the character of the contract was such that there was no occasion to discuss the necessity for notice of acceptance, and in *Ricketson* v. *Lizotte*, 90 Vt. 386, 98 Atl. 801, the question of acceptance was not raised.

Among the cases from other jurisdictions that hold that notice of acceptance of an offer of guaranty is necessary are, *Lane Bros. Co.* v. *Sheinwald*, 275 Mass. 96, 175 N. E. 148; *Black, Starr & Frost* v. *Grabow*, 216 Mass. 516, 104 N. E. 346, 52 L. R. A. (N. S.) 569; *German Savings Bank* v. *Roofing Co.*, 112 Iowa, 184, 83 N. W. 960, 51 L. R. A. 758, 84 A. S. R. 335; *Acme Mfg. Co.* v. *Reed*, 197 Pa. 359, 47 Atl. 205, 80 A. S. R. 832; *Miami Co. Nat. Bank* v. *Goldberg*, 133 Wis. 175, 113 N. W. 391, 15 L. R. A. (N. S.) 1115; *Taussig* v. *Reid*, 145 Ill. 488, 30 N. E. 1032, 36 A. S. R. 504; *Milroy* v. *Quinn*, 69 Ind. 406, 35 A. R. 227. See, also, 12 R. C. L. p. 1067, par. 17. Most of the cases cited by plaintiff recognize this rule, but hold that the facts shown were equivalent to notice. Those to the contrary we decline to follow.

 Tested by the rule laid down in *Davis Sewing Machine Co.* v. *Richards, supra*, this instrument must be held to be a mere offer of guaranty which required notice of its acceptance. It does not appear that it was signed at the request of anyone authorized to act for the plaintiff, that it was signed in the presence of such person and was therefore a contemporaneous act, or that there was any consideration for it except future advances to be made by plaintiff to Pease. The plaintiff had the burden of showing these facts, or some of them. That the

instrument was written on plaintiff's letterhead, and was dated at Brattleboro, its place of business, might *justify* the inference that its acceptance was contemporaneous with its execution, but such is not a *necessary* inference, and only the latter can be indulged where a case is heard on an agreed statement of facts. *Grand Lodge of Vt.* v. *City of Burlington,* 104 Vt. 515, 162 Atl. 368; *Louden Machine Co.* v. *Day,* 104 Vt. 520, 162 N. E. 370. Had such been the fact, it would have undoubtedly appeared in the agreed statement. Moreover, *it is agreed* that plaintiff's letter of December 6, 1926, was "the first communication that passed from the plaintiff to the defendant." Clearly, such letter, written more than six and one-half years after the instrument was received by plaintiff did not meet the requirement. While express notice, or direct notice from the plaintiff, was not necessary, see our cases cited above, it was essential that defendant have notice from some source, unless he waived it, that his offer had been accepted. Whether his letter of February 5, 1927, amounted to a waiver we need not, and do not, decide, since the question next to be considered disposes of the case.

██ The plaintiff had the burden of showing that its dealings with Pease were in reliance upon the alleged guaranty, since defendant is not liable, of course, unless they were. This it failed to do. All that appears regarding this is that after plaintiff received this instrument "the transactions noted in plaintiff's specifications were had between the plaintiff and said W. S. Pease." Whether they were had in reliance upon this instrument is left entirely to conjecture, and we cannot infer that they were, since such an inference is by no means a necessary one. Indeed, the fact that plaintiff did not notify defendant of its acceptance of his offer; its extension of credit to Pease to upward of $7,000 on a claimed guaranty for $1,000, without even mentioning the matter to defendant for nearly two years after the indebtedness accrued, and then merely to request him to use his influence with Pease to get him to do something, without any suggestion concerning defendant's liability, followed by a further period of nearly five and one-half years without any claim that he was liable, so far as appears, indicates strongly that plaintiff did not deal with Pease on the strength of the alleged guaranty, but rather that this attempt to establish such a claim is an afterthought. If plaintiff relied upon the alleged guaranty in dealing with Pease, it should have

so appeared in the agreed facts; it cannot be inferred in the circumstances.

Since plaintiff failed in this particular to show liability on the part of defendant, the question regarding the statute of limitations is not in the case.

*Judgment affirmed.*