## Robert E. Krupp and Elizabeth V. Krupp
### v.
### State Highway Board

[ 209 A.2d 320 ]

February Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed April 6, 1965

26

*Harrington and Jackson* for plaintiffs.

*Joseph E. Frank* for the State.

**Smith, J.** This case is an appeal from the State Highway Board's compensation order to the plaintiffs for the total taking of land owned by them upon which was situated a gas station located in South Burlington. The gas station had been leased to the American Oil Company by the plaintiffs, and was sub-leased by the Oil Company to one Roscoe A. Campbell. The case has been in this Court before for a determination of the duty of the Highway Board to award damages to the separate holders of interests in this single condemned parcel of land. *American Oil Co.* v. *State Highway Board,* 122 Vt. 496, 177 A.2d 358.

The proceeding from which the present appeal is taken is the trial in the Chittenden County Court which followed the remand after the decision of this Court in the former appeal here. At the trial below, the jury returned a verdict for the plaintiffs in the amount of $31,000. After verdict, and before judgment, the plaintiffs moved to set aside the verdict and also to grant a new trial. The trial court granted both motions, and granted permission to the defendant to bring its appeal here before judgment.

The first question presented for our determination is "Did the trial court commit reversible error by setting aside the jury verdict and ordering a new trial on the ground that the case was erroneously submitted to the jury."

Both the lessee, American Oil Company, and the sub-lessee, Roscoe Campbell, filed notice of joinder with the Krupps in the cause below, but such joinders were dismissed by the trial court on motion of the defendant Highway Board and no exceptions were taken.

The record makes clear that from the inception of trial, there existed considerable disagreement and confusion on the part of both counsel and the court as to what elements of damages should be properly submitted to the jury in their consideration of the case. Much of this was centered on the question of whether the value of the business on the premises should be considered in awarding damages for the value of the land taken.

After an off-the-record discussion at the bench between court and counsel, the court made the following statement to the jury: "Ladies and gentlemen, it has been agreed by counsel that this case will be

submitted to you on the basis of the damages awarded should be the value of the unencumbered real estate as of March 21, 1961, which is the way that I will submit it to you when the time comes." The court did so instruct the jury at the close of the evidence in the case and no exception to the charge in any particular was taken by either party.

The motions made by the plaintiff, after verdict, were based upon the same grounds. Such grounds were that the jury's verdict was against the great weight of the evidence. These were grounds directed to the discretion of the court, and the motions were so argued by counsel.

The trial court, after argument, stated: "We think this case was improperly submitted to the jury." In the same statement the court later said, "In that regard, simply because we feel it was wrongfully submitted to the jury under the theory on which the case was tried, we are going to set aside the verdict. . ."

The defendant contends that the court clearly indicated by these statements that it was setting aside the verdict, and granting a new trial, as a matter of law and not of discretion, and hence, was in error.

It is the contention of the plaintiffs that there was a duty upon the defendant to request the court to state whether such rulings were made as a matter of law, or of discretion, and that not having done so it cannot raise the question sought to be presented here. Cited as a basis for this argument is *Grow* v. *Wolcott*, 123 Vt. 490, 496, 194 A.2d 403.

In *Grow* v. *Wolcott*, the Court held that a party was entitled to have the court "indicate, on request, whether or not it was ruling as a matter of discretion and disclose, by specific findings, the basis for its ultimate conclusion that the jury reached an unjust and erroneous verdict. There is an obligation on the trial court to demonstrate that such action is not merely an invasion of the jury's province."

But the opinion makes clear that this right is given to the appealing party to relieve him in part of the heavy burden of demonstrating that the court abused its right to rule as a matter of discretion. For our rule is that we can interfere with a discretionary ruling, made in good faith and based upon the weight of the evidence, only if the result reached is clearly unreasonable. *Grow* v. *Wolcott*, supra, p. 495.

The trial court in the present case, however, stated its reasons upon which it granted the motions and further said that such statements were made so that "if this case goes up, that the Appellant [sic] Court

knows how we stand." Further, and of more importance, we think it apparent from the trial court's own declaration, that it set aside the verdict and granted a new trial on grounds other than those advanced in the motions which it purported to grant.

■ The record, as we have seen, establishes that the trial below proceeded upon a certain theory of damages, acquiesced in by court and counsel. The theory thus adopted became the law of the case. *Merrill* v. *Reed,* 123 Vt. 248, 252, 185 A.2d 737; *Senna* v. *Gero,* 118 Vt. 311, 109 A.2d 347. The agreement of court and counsel to try the case under an agreed theory and to submit the case to the jury under such theory, might also be said to be in the nature of an order or agreement made at a pretrial conference. Our rule is that the subsequent course of action in the trial of a case is controlled by agreement or admissions made at the pretrial conference. *Whitemore* v. *Mutual Life Insurance Co.* 122 Vt. 328, 329, 173 A. 2d 584.

The trial court made it plain that it was setting aside the verdict and granting a new trial because "we feel that it was wrongfully submitted to the jury under the theory on which the case was tried."

■ It is unimportant to determine here whether the court in its ruling was acting as a matter of discretion or as a matter of law in setting aside the verdict and granting a new trial. The court was bound by the law of the case just as were counsel, and the ruling was in error.

It should be further added that while the "law of the case" sets no legal precedents that must be followed in the event there is a retrial of the same matter between the parties, upon hearing in the appellate court no claim opposed to it in point of law will be considered. *Perkins* v. *Vermont Hydro-Electric Corp.,* 106 Vt. 367, 415 - 417, 177 Atl. 631.

We are now confronted with the problem of the entry that should be made in our disposition of this matter. Defendant contends that even if we find that the trial court granted the motions below as a matter of law, that we must presume that the court had also ruled on the discretionary aspects of the plaintiffs' motions. Our rule is that if nothing appears to the contrary, we must assume that discretion was exercised. *Mullett* v. *Milkey,* 113 Vt. 42, 45, 29 A.2d 806. However, here the statement of the court below in granting the motions makes clear that the court took such action upon a ground nowhere advanced in the motions presented to it, but advanced only by the court itself. The assumption that the court considered and rejected the discretionary grounds advanced in the motion of the plaintiffs is not fairly inferable under the circumstances here.

Here, we think, we are confronted with the same situation as in *Russell* v. *Pilger*, 113 Vt. 537, 37 A.2d 403, where the court failed to exercise its discretion in passing on the motions to set the verdict aside and to grant a new trial on the discretionary grounds set forth by the plaintiffs. The defendant asserts that it was the plaintiffs' duty to have brought to the court's attention that it had not ruled on the discretionary aspects of their motion, and that by so failing to act they are not entitled to have such discretionary grounds considered upon reversal here.

But it is the defendant who is the appellant here, not the plaintiffs. It is the appealing party upon which rests the burden to show that the claimed error was brought to the notice of the court below. *State* v. *Murray*, 123 Vt. 232, 233, 186 A.2d 193.

When the trial court is properly called upon to exercise its discretion it must do so and to withhold it is error. *Russell* v. *Pilger*, 113 Vt. 537, 543, 37 A.2d 403. The trial court failed in that duty here, and the plaintiffs may well have been harmed by its failure to rule on the discretionary aspects of their motions. Under our practice we will remand the cause for the correction of this error committed subsequent to the rendition of the verdict. *Russell* v. *Pilger*, supra, p. 558.

Although the court to which the cause is remanded may not be composed of the same judges who heard the case below, a different trial court has the power to exercise its discretion in passing on a motion to set aside a verdict based on ground requiring the exercise of discretion. *Russell* v. *Pilger*, supra.

Also excepted to was the trial court's action in granting a judgment of $500.00 to the plaintiffs in the event the decision of this Court should re-establish the verdict below. Although our entry to follow in this case makes a review of this question unnecessary, a judgment, as a general rule, must not be conditioned on any contingency. *Lash Furniture Co.* v. *Norton*, 123 Vt. 226, 228, 185 A.2d 734.

The entry order here is *"Order reversed and cause remanded for the correction of error subsequent to the rendition of the verdict."*