## Eleanor Anderson v. Myrtle E. Knapp, Universal CIT Credit Corporation and Richard Small

[ 225 A.2d 72 ]

October Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 6, 1966

*Waldo C. Holden* for plaintiff.

*John P. Morrisey* for defendant, Myrtle Knapp.

*Ryan Smith & Carbine* for Universal C.I.T. Credit Corporation and Richard Small.

**Keyser, J.** The plaintiff brought this action in law to recover damages against the defendants on three counts in Bennington County Court. The first count alleges the defendants fraudulently induced plaintiff to execute a guaranty agreement with defendant Universal CIT Credit Corporation (CIT) for the extension of credit to Equinox Motors, Inc. The second count also claims fraud and further that CIT had not given proper credit on its account with Equinox Motors for certain automotive parts which were removed from the garage premises by CIT. The third count repeats the claim of fraud and alleges defendant Knapp, who handled the finances of Equinox Motors, improperly deposited receipts and made unauthorized withdrawals for her benefit.

Each defendant answered and CIT also filed a counterclaim against the plaintiff to recover under her guaranty agreement the unpaid balance of its account against Equinox Motors, Inc. Trial was by court.

The court on its findings dismissed the complaint as to all defendants. The court found a balance of $9,321.97 was due to CIT on its Equinox Motors' account. CIT filed a motion for judgment to recover this amount from the plaintiff but the court failed to rule on the motion. The case is here on appeal by both plaintiff and defendant CIT.

Since fraud is alleged in each of the three counts by defendants persuading the plaintiff to sign the guaranty on behalf of Equinox

Motors, we first consider that question. The plaintiff seeks to nullify the agreement because of fraud. If there was no inducement by fraudulent representations, which plaintiff claims were made, then the guaranty is a valid and enforceable contract.

Plaintiff challenges portions of Findings 7 and 9 on the ground that there is no credible evidence fairly and reasonably tending to support them. That part of Finding 7 excepted to is, in substance, that the guaranty of plaintiff was required for credit to be extended to Equinox Motors. As to Finding 9 the exception runs to that part which finds that "defendant Small made no representations to her (plaintiff) aside from the fact that this was necessary in order for Equinox Motors, Inc. to receive credit."

 To support an action for fraud or deceit, the representations must be of existing facts relating to the subject matter of the contract, affecting its essence and substance, not matters of judgment or opinion, nor of facts that will exist, nor of promises. The representations must be made by the seller to induce the buyer to enter the contract; they must be false and at the time known by the seller to be false; or made by the seller as of his own knowledge without his in fact knowing them to be true; they must not be open to the knowledge of or known by the buyer and must be relied upon by him in entering the contract to his damage. *Batchelder* v. *Birchard Motors, Inc.,* 120 Vt. 429, 433, 144 A.2d 298; *Rice's Admr.* v. *Press,* 117 Vt. 442, 446, 94 A.2d 397.

Equinox Motors, Inc. was a corporation formed by Paul Anderson, plaintiff's husband, and defendant Knapp as the principal incorporators, owners and officers to conduct a garage and auto dealership business. Defendant Small is the district manager of CIT. Defendant Knapp acting for Equinox Motors applied to CIT for credit in connection with the operation of the business. CIT required guaranties before it would extend the credit requested.

The plaintiff testified that she signed the guaranty agreement at her home in the presence of defendants Knapp and Small and her husband; that Mr. Small told her CIT kept a weekly watch on the cars of Equinox Motors and the most she would be responsible for was one car; and that Mrs. Knapp said her mother, a Mrs. Edgerton, "was supposed to sign hers" (Mrs. Knapp's guaranty). Mr. Anderson corroberated this testimony of plaintiff that Mrs. Knapp was present.

Both defendants Knapp and Small denied that Mrs. Knapp was present at the time indicated. Small also denied that he told the plaintiff she would be liable for only one car. He testified he explained the document to the plaintiff at the request of her husband; what her obligation was under it; that the reason for the guaranty agreement was because plaintiff was the one who had the collateral; and that after this, Mr. Anderson asked his wife, the plaintiff, to sign the agreement, and she did.

The plaintiff says the evidence shows that three guaranties were required. There were two other guaranties executed, one dated February 21, 1962, and one dated March 9, 1962. Each pre-dated the agreement executed by plaintiff on March 13, 1962. Plaintiff urges that she did not knowingly assume the entire obligation of Equinox Motors thus implying that the existence of the other two guaranty agreements was an inducement for her to sign. This claim is contrary to plaintiff's testimony that she had not seen either one of the other two agreements at the time of signing her agreement. Defendant Small also testified he had no discussion with plaintiff about the three guaranties.

On the above controverted evidence, the court found defendant Small made no representations to plaintiff except that the guaranty "was necessary in order for Equinox Motors, Inc. to receive credit in the operation of their business from Universal CIT Credit Corporation." There is no finding of fraud or misrepresentation by either defendant Knapp or Small, or that representations were made by them which induced plaintiff to sign the guaranty.

A finding must stand if supported by any credible evidence, although there may be inconsistencies or even substantial evidence to the contrary. It is the trier of fact to whom is given the sole determination as to the weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony. *Smith* v. *Lentini, Extr.,* 125 Vt. 526, 528, 220 A.2d 291. All conflicts in the testimony must be resolved against the excepting party. *Savard* v. *George and Bolles,* 125 Vt. 250, 254, 214 A.2d 76; *Tower* v. *Tower,* 120 Vt. 218-219, 138 A.2d 602; 12 V.S.A. §2385.

Furthermore, the plaintiff, being a party, was an interested witness and the court "didn't have to believe her." *Scott's Extr.* v. *Beland,* 114 Vt. 383, 396, 45 A.2d 641.

Findings 7 and 9 are supported by the evidence and will not be upset even though there is evidence to the contrary. *Taylor* v. *Henderson & Smith,* 112 Vt. 107, 111-119, 22 A.2d 318. The failure of the court to make an affirmative finding on the issue of fraud is supported by the record. The court thus resolved the conflict in the evidence on the issue of fraud in favor of the defendants and we find no error in this determination of the factual issue.

Moreover, the court did find that the plaintiff executed the guaranty and that only defendant Small and the Andersons were present at that time. These findings are amply supported by the evidence.

By Count II and her answer to defendant CIT's counterclaim, the plaintiff claims that Equinox Motors did not receive proper credits for automotive parts which defendant CIT removed and returned to the manufacturer for credit. Plaintiff contends that these parts were taken and accepted by CIT in full satisfaction of the debt owed by Equinox Motors to CIT under the provisions of 9 V.S.A. §1796. This statute provides "Unless such sale (public sale) is made within sixty days after possession of the mortgaged property is taken by or in behalf of mortgagee or assignee, such property shall be deemed to have been taken and accepted in full satisfaction of the mortage debt and no action shall be maintained to recover such debt or any part thereof . . . ."

The court found that Equinox Motors was entitled to certain credits on its obligation to CIT which included credit for returned parts. There is no finding that CIT took the parts into its possession under the mortgage from Equinox Motors or to satisfy and extinguish the entire debt owed by Equinox Motors.

The testimony of defendant Small was that these parts were delivered to CIT for the purpose of extending a service to Equinox Motors. The witness testified that it was a tremendous job to catalogue the parts by serial numbers and repackage them properly for acceptance by the manufacturer; that the parts were transported from the premises of Equinox Motors to a garage in Rutland for the purpose of helping Equinox Motors return them to the manufacturer for credit; and that Mr. Anderson acquiesced in this procedure.

Mr. Anderson testified that Mr. Small said the taking of the parts by CIT and returning them to the factory for credit

"would clear the whole situation up" and "that was supposed to take care—to straighten the rest of the things out." Defendant Small denied making any statement that the parts and accessories would be in full satisfaction of the indebtedness of Equinox Motors. The burden was on the plaintiff to establish by clear or positive evidence that the returning of the parts by CIT was to cancel all of its claim against Equinox Motors or intended to do so. The evidence presented a factual question for the court to decide.

There is no affirmative finding on this issue raised by the plaintiff. The failure of the court to make such finding is supported by the evidence. Under these circumstances, the statute, 9 V.S.A. §1796, does not apply.

Plaintiff filed Request for Admission by CIT on January 23, 1965. CIT's answer to this request was filed March 4, 1965. Previous to this on September 30, 1964, plaintiff had filed a motion for judgment on the offset or counterclaim filed by defendant CIT. The motion was heard by the court on March 5, 1965, at which time reference was made to plaintiff's Request for Admission and to the facts set forth in the answer thereto of CIT. In essence, plaintiff's motion for judgment on the offset was based on the fact that CIT took possession of the parts and accessories under its mortgage from Equinox Motors and had failed to hold a public auction as required by the statute. The answer of CIT to plaintiff's Request for Admission denied that it took into its possession the parts and accessories located on the garage premises and what it did was only to be helpful to Mr. Anderson because of his infirmed condition. Plaintiff's Request for Admission and Answer thereto were not offered in evidence either at the hearing on plaintiff's motion for judgment or during the trial on the merits.

The court ruled on the motion saying that "there must be evidence before matter could be determined." It thus in effect denied plaintiff's motion. The plaintiff claims this ruling was error.

Plaintiff's motion for judgment on the offset raised issues which necessitated the introduction of evidence and findings of fact and, therefore, was premature. The ruling of the court was without error. See *N. E. Road Machinery Co.* v. *Calkins,* 121 Vt. 118, 122-123, 149 A.2d 734.

The plaintiff claims that the findings and any judgment against her should give full credit to Equinox Motors for the amount of the chattel mortgage of $12,000.00. The court found that there was a balance due to CIT on its account with Equinox Motors after giving credit for the actual amount of the parts returned and thus rejected plaintiff's claim. The testimony surrounding the circumstances under which the parts and accessories were removed from Equinox Motors to Rutland as previously indicated, was in conflict. This presented a question for the court to resolve. *Savard* v. *George and Bolles, supra; Berry* v. *Whitney and Whitney,* 125 Vt. 383, 387, 217 A.2d 41.

The plaintiff also urges that the court improperly excluded the chattel mortgage executed by Equinox Motors to CIT. We need only to point out that even if admitted the mortgage would not have changed the result in view of the testimony and the findings of the court. The ruling, if erroneous, was harmless. *Smirlock* v. *Potomac Development Corp.* (1964), 235 Md. 195, 200 A.2d 922, 927.

Next, the plaintiff argues that defendant Knapp defrauded Equinox Motors, Inc. of an amount substantially in excess of the CIT claim. She urges that she is entitled to a judgment against this defendant for at least nominal damages.

Fraud is not to be presumed but must be proved. *Union Trust Drill Co.* v. *Harvey,* 113 Vt. 493, 504, 37 A.2d 389.

At the time defendant Knapp was acting as treasurer of Equinox Motors, Inc. she was also assistant treasurer of P-T Motors from whom Equinox Motors had purchased the business. Plaintiff's claim that defendant Knapp defrauded Equinox Motors is based on her testimony that between March 1962 and June 1963 an obligation (note) given by Equinox Motors, Inc. to P-T Motors for $25,000.00, payable at about $400.00 a month, was fully paid.

Mrs. Knapp testified that what money there was of Equinox Motors was used to pay its corporate obligations and no individual took any of the corporate money. There is no evidence that defendant Knapp made any unauthorized withdrawals for her own benefit as is alleged in Count III of the plaintiff's complaint.

On the evidence the court could not properly make a finding that defendant Knapp defrauded Equinox Motors. The court by not find-

ing favorably to plaintiff on this point presumably, and we think correctly, held against the plaintiff on this contention.

The plaintiff offered the $25,000.00 note in evidence. The court excluded it as immaterial and plaintiff claims this was error. The testimony of defendant Knapp concerning the payment of the obligation of Equinox Motors and the obligation itself fail to establish that she *defrauded* Equinox Motors of any of its funds or property, or *converted* the same to her own use. On the state of the evidence the exclusion of the note was proper.

The plaintiff argues CIT failed to establish that there was a "meeting of the minds" of the parties, or "reliance" on the plaintiff's guaranty by CIT. Although these claims are not raised by the pleadings, it is sufficient to say that the plaintiff signed the guaranty knowing it was requested by CIT because she was the one that owned the real estate. She also was told by Mr. Small what her obligation was under it. The document was thereupon delivered to defendant Small acting for CIT. Thus completed, the contract became valid and binding. *Manley Brothers, Inc.* v. *Bush,* 106 Vt. 57, 62, 169 Atl. 782.

Plaintiff urges Finding 13 should be deleted on the ground the evidence failed to show that a notice of default and demand for payment was mailed to the guarantors. There is direct evidence that the letter was mailed to the plaintiff. She did not deny having received it. This evidence sufficiently supports the finding. See *Estey* v. *Leveille,* 119 Vt. 438, 439, 128 A.2d 319.

The plaintiff argues that defendant CIT's counterclaim, which is termed "off-set", is not permitted under the statute, 12 V.S.A. §5461, because the plaintiff claims her action is not founded on contract. Defendant CIT's brief also deals with this question.

Under 12 V.S.A. §1025 "A party may state as many separate claims and defenses he has regardless of their consistency with one another."

The record establishes that the trial below proceeded on a contract theory. Briefly stated it is that the plaintiff claimed she was not liable on her written guaranty for several reasons including fraud and that CIT claimed the agreement was valid and entitled it to recover of the plaintiff the amount due on its account with Equinox Motors, Inc. Since the trial was conducted and proceeded on this

basis, and was acquiesced in by counsel, it became the law of the case. *Krupp* v. *State Highway Board,* 125 Vt. 25, 28, 209 A.2d 320.

■ Moreover, our search of the record fails to show that this point was made, or urged, below. If made in this court for the first time, it is not appropriate to raise the question here. *Verchereau* v. *Jameson,* 122 Vt. 189, 193, 167 A.2d 521. A question cannot be brought to this court upon which it is made to appear that the trial court had no fair opportunity to pass judgment. *Kinney* v. *Cloutier,* 125 Vt. 109, 112, 211 A.2d 246.

■ The remaining question for our consideration is defendant CIT'S claim that it is entitled to judgment against the plaintiff.

The court found a balance of $9,321.97 due CIT on its Equinox Motors, Inc. account. CIT then filed its motion for judgment against the plaintiff for this amount. The court by its judgment order failed to act on CIT's motion.

The findings establish that the plaintiff by her guaranty agreed to pay on demand all sums due and to become due to Universal CIT Credit Corporation from Equinox Motors, Inc.

The findings settle the right of CIT to recover from the plaintiff the amount found due on its account with Equinox Motors. It was error by the court below on its findings to have withheld granting CIT's motion for judgment. For this limited purpose, the case must be remanded.

*Judgment affirmed. Cause is remanded for the entry of judgment for defendant Universal CIT Credit Corporation to recover of the plaintiff the sum of $9,321.97 with interest and costs, clerk to assess.*