## State of Vermont v. Dennis H. Kalis

[ 248 A.2d 721 ]

October Term, 1968

Present: Holden, Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 3, 1968

*Ezra S. Dike,* State's Attorney, for the State.

*Gerard F. Trudeau, Esq.,* for the Defendant.

**Per Curiam.** It appears from the record presented to this Court, that the respondent was arraigned on June 21, 1968 in the District Court in Addison County on an information which charged felonious fraud in violation of 13 V.S.A. §2002. He was fully advised of his right to counsel and, on representation of indigency, counsel was assigned. A plea of not guilty was entered.

Before trial, on June 27, 1968, the respondent wrote to the presiding judge of the district court, stating "I wish at this time to inform you I wish to enter a plea of guilty, so I can start this and get it over with. I have committed the crimes I have been charged with." He requested the matter be brought before the court as soon as possible.

The respondent also informed his assigned counsel of his desire to change his plea. After further consultation with counsel, the respondent was returned to the district court on July 12, 1968. At that hearing, in response to inquiry by the court and counsel, the respondent stated he was fully satisfied with his attorney and the manner in which he

had been represented. He understood the penalty which could be imposed and stated that he was entering a plea of guilty voluntarily, without coercion from anyone. He assured the court that no promises of any kind had been extended to influence him to change his plea, rather than stand trial.

The court asked the respondent if he had anything further to say and he answered in the negative. The respondent was then permitted to change his plea.

On July 30, 1968, the respondent was again returned to the court. A plea, in his behalf, was advanced by his assigned counsel. After referring to two prior felony convictions, the district court sentenced the respondent to not less than one, nor more than five years imprisonment. The respondent then notified the court that he wished to appeal.

After filing a notice of appeal in his client's behalf, the respondent's counsel has requested leave to withdraw. The request is founded on the lack of any basis to present an appealable issue. Counsel has further represented to the court that the respondent has threatened to institute disciplinary proceedings against him if he fails to prosecute his appeal.

■ This Court has examined the record of the respondent's conviction with care. The respondent's plea of guilty, voluntarily made in open court with full understanding of its legal effect, as well as its consequences, is conclusive. *Petition of Garceau,* 125 Vt. 185, 188, 212 A.2d 633 ; *In re Southard,* 125 Vt. 405, 408, 217 A.2d 49.

■ The record of the proceedings below fails to disclose any points, legal or factual, capable of sustaining valid argument on appellate review. We conclude the appeal is entirely without merit. Accordingly, we will allow counsel's request to withdraw and dismiss the appeal as frivolous within the precept of *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

*Appeal dismissed. Request of assigned counsel for leave to withdraw is granted, effective upon notifying the respondent of the dismissal of his appeal.*