## Petition of Charles H. Baldwin

[ 252 A.2d 539 ]

February Term, 1969

Present: **Holden, C.J., Shangraw, Barney, Keyser, JJ., and Billings, Supr. J.**

Opinion Filed April 1, 1969

*Thomas M. French, Esq.,* for the Petitioner.

*James M. Jeffords,* Attorney General, *Alan W. Cheever,* Assistant Attorney General, and *Russel Holmes,* State's Attorney, for the State.

474

**Keyser, J.** The respondent was convicted on January 6, 1967, in Essex County Court on his plea of guilty to the charge of lewd and lascivious acts with his fifteen-year-old daughter. On April 7, 1968, respondent filed a motion to expunge his plea of guilty, to vacate sentence and for a new trial on the ground that his plea of guilty was induced solely as a result of fear or coercion. After hearing, the court below made findings and denied the motion from which action the respondent has appealed.

 The law is abundantly clear that a guilty plea must not be induced in any manner that deprives it from being the voluntary act of the accused, otherwise the plea will be vacated to permit the accused to stand trial on the merits. *In re Garceau,* 125 Vt. 185, 188, 212 A.2d 633; *Marchibroda* v. *United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, 478; *Kercheval* v. *United States,* 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009, 1010, 1012. If the plea is unfairly obtained through fear or misunderstanding, the court, "on timely application," will vacate the plea and permit the accused to stand trial. *In re Garceau, supra,* at 187, 212 A.2d 633. The motion to vacate in the present case on the ground of "fear or coercion" was not made until fifteen months after the judgment of conviction had been entered.

 But if the accused enters his plea voluntarily after proper advice and with a full understanding of its consequences, it is conclusive and he, as well as the court, are bound by it. *In re Garceau, supra,* at 188, 212 A.2d 633 ; *State* v. *Kalis,* 127 Vt. 311, 248 A.2d 721.

 The resolution of the issue presented lies in the determination of the facts as decided by the trier of fact on the evidence introduced at the hearing. And it is the trier of fact which has the sole determination concerning the weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony. A finding must stand if supported by any credible evidence. *Anderson* v. *Knapp,* 126 Vt. 129, 134, 225 A.2d 72.

The findings of the trial court which heard the motion show the following facts. The respondent was represented by competent counsel throughout all critical stages of the proceedings in municipal court where the charges were first brought and in county court up to the time of his plea of guilty. He was thoroughly and competently advised of his rights to trial by jury and made aware of the nature of the

offenses of statutory rape and lewd and lascivious conduct charged by the state. The petitioner was competently represented by assigned counsel during the course of the jury trial in county court until a voluntary plea of guilty was entered to the lesser charge of lewd and lascivious conduct. The presiding judge did not accept the plea until he had conversed with the accused in open court. This was to determine first, that the accused understood the nature of the offense charged against him, the consequence of such plea as to further trial by jury, and the statutory sentence involved and, secondly, that the plea was not coerced or made upon any promise by the state as to possible sentence. The respondent entered his plea of guilty voluntarily, without fear or promise of favor and upon advice of counsel with a complete understanding of the nature and consequences of the plea.

On its findings the court denied the motion to expunge the plea of guilty, vacate the sentence and grant a new trial.

The first witness was the complainant, accused's daughter. The respondent claims that after the witness had testified he had a conference with his attorney regarding a plea of guilty. The respondent testified that Attorney Akley wanted to make a deal—"to trade one to five years for fifteen to twenty," the former relating to the possible sentence for lewd and lascivious conduct with a child, and the latter to statutory rape. The respondent also testified his attorney "mentioned to me that fifteen years had already been mentioned if I was convicted of the rape charge for which I was on trial at the time" and that "the Honorable Judge Daley mentioned the fifteen years." In contradiction of this, Attorney Akley testified, "Judge Daley never said anything about what the penalty would be;" also that "I think I told the petitioner what I thought the sentence would be." He further testified that when he and the prosecuting officers went into the chambers to inform Judge Daley of their agreement that a plea of guilty to a lesser charge would be entered and a *nolle prosequi* made to the rape charge, the judge was upset about the state of the evidence and said to him "that all I was trying to do was to trade one to five instead of ten to twenty." Attorney Akley also testified, "That this is the only remark that Judge Daley ever made in my presence and I probably conveyed that information to Mr. Baldwin." He denied ever advising Baldwin that the trial judge had indicated a sentence of fifteen years if there was a conviction of statutory rape.

The respondent contends that it is immaterial whether or not the Judge actually indicated an extremely long sentence would be imposed. He argues that the mere fact such a message was conveyed to him by his attorney was sufficient to induce an involuntary plea of guilty.

The record shows that when the respondent went to trial on January 3, 1967, it was on an information charging statutory rape under 13 V.S.A. §3201. On January 4 after the agreement was reached between respondent's counsel and the prosecuting officers, the information was amended by adding a second count charging "lewd *or* lascivious" acts under 13 V.S.A. §2602. Before allowing the amendment the presiding judge questioned the respondent in open court. The respondent told the court he understood the charge and had discussed it with his attorney. He was advised by both the court and his attorney as to what pleas could be made on arraignment. Respondent personally waived the 24-hour rule, also a reading of the second count and entered a plea of guilty to it. The respondent told the court he knew "the meaning of the plea of guilty," knew that it was admission that he "committed the acts stated therein, that they are true," knew what the sentence could be but not what sentence the court would impose. The court then recessed to January 6.

On that date the state moved to amend Count II which was to make some minor changes in the charge so to avoid the inference that the respondent was convicted on a defective complaint. The court allowed the respondent to withdraw his plea of guilty and struck the judgment of guilty. Again, the respondent personally waived the 24-hour rule, the reading of the amended information and entered a plea of guilty. The presiding judge again engaged in a lengthy colloquy with the respondent. A careful review of the record clearly indicates that the respondent understood the amended charge, his available pleas to it and the effect of his plea of guilty. He acknowledged that the court had not indicated in any way to anyone what sentence would be imposed and that his plea of guilty was entered of his "own free will." The record is barren of any evidence on which a finding might properly be predicated that the respondent's plea was "induced solely as a result of fear or coercion."

The factual findings made by the court upon hearing respondent's motion are convincingly supported by the record and must stand. *Anderson* v. *Knapp, supra.*

Under the facts and circumstances surrounding the respondent's plea, it is conclusive and he is bound by it. *In re Garceau, supra;*

*Marchibroda* v. *United States, supra; Kercheval* v. *United States, supra.*

The denial of respondent's motion by the court below is without error.

*Judgment affirmed.*