### State of Vermont v. Robert A. Parker

[423 A.2d 851]

No. 370-79

Present: Daley, Larrow, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed November 5, 1980

*James P. Mongeon,* Rutland County State's Attorney, and *David T. Suntag,* Deputy State's Attorney, Rutland, for Plaintiff.

*Henry C. Brislin,* Rutland, for Defendant.

**Hill, J.** At approximately 7:15 P.M. on Sunday, February 11, 1979, the State Street Cut Rate Drugstore in Rutland was robbed of $155.00 in bills and approximately $10.00 in coins. As a result defendant was charged with the crime of assault and robbery with a dangerous weapon. 13 V.S.A. § 608(b). He entered a plea of not guilty and gave notice of an alibi defense. Following a jury verdict and judgment thereon, he appeals. We affirm.

Defendant raises three issues for our consideration. He claims that his alibi testimony created a reasonable doubt as to defendant's guilt; that an unloaded gun not used as a bludgeon is not a dangerous weapon; and that the court failed to define for the jury all of the material issues of fact and give proper instructions on the applicable law.

## I.

Defendant called only one witness to prove his alibi. That witness testified that he was with defendant near the time of the robbery. He testified that he had met the defendant and another man at 6:30 P.M., and while transacting business of an unspecified nature, heard gunshots and sirens. His testimony also included a claim that the business transacted involved each of the two men giving defendant $75.00 in bills and coins, thereby partially explaining the money held by defendant at the time of his arrest. The witness further cast doubt on certain physical evidence used against defendant, in particular which shoes were worn by defendant on the night of the robbery.

The jury was charged with weighing the alibi against other evidence implicating defendant in the robbery. One of the arresting officers testified that he saw defendant, wearing a blue jacket and brown "tuque," in an alley near the State Street Cut Rate Drugstore where the robbery occurred, at approximately 7:15 P.M. Being suspicious, he drove down the road, turned around and came back. He said he saw a person coming out of the store wearing a brown mask and blue jacket and putting a gun into his pocket. A pursuit followed, during which the officer fired warning shots. Both the officer and the suspect fell down on the icy ground during the chase, and an unloaded gun was later found at the spot where the suspect had fallen. The suspect was finally captured by another officer

who had joined the pursuit. Defendant was identified by the officer as the man he had seen before the time of the robbery and the man who was finally arrested. The clerk of the drugstore and a witness both identified the clothing worn by the defendant as having been worn by the robber.

■■ The trier of fact has the sole determination concerning the weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony. *Petition of Baldwin*, 127 Vt. 473, 474, 252 A.2d 539, 540 (1969). We will sustain a finding if it is supported by any credible evidence. *Id.* As this Court recently stated: "The weight to be given to any testimony . . . as well as the selection of testimony to be accepted are functions belonging to the jury, and, unless entirely unreasonable, must stand." *State* v. *Girouard*, 135 Vt. 123, 137, 373 A.2d 836, 845 (1977). As such the finding that the defendant had no alibi will not be disturbed.

■ Defendant also urges us to employ Vermont's circumstantial evidence rule, which requires that a jury be instructed that it has to be able to exclude every reasonable hypothesis of innocence before it can find the accused guilty on the basis of circumstantial evidence. See *Woodmansee* v. *Stoneman*, 133 Vt. 449, 455, 344 A.2d 26, 29 (1975). The rule, however, is only applicable when the evidence relied upon by the prosecution is entirely circumstantial, and where a combination of direct and circumstantial evidence is presented, as in this case, such an instruction need not be submitted. *State* v. *Dragon*, 135 Vt. 35, 37, 370 A.2d 218, 220 (1977). Accordingly, defendant's argument fails.

## II.

The evidence indicates that while in the store the robber pointed a gun at the clerk but made no threatening gestures with the weapon. The evidence further shows that the gun was unloaded. Defendant therefore claims that he was not armed with a dangerous weapon and that evidence of specific intent to use the weapon is necessary to prove that the weapon is "dangerous." He draws our attention to *State* v. *Murphy*, 128 Vt. 288, 262 A.2d 456 (1970), as authority that proof of specific intent is required in cases of certain aggravated assaults, including assault and robbery. Defendant misstates the

case, however. *Murphy* holds that proof of specific intent is required in cases of certain aggravated types of assault, such as assault with *intent* to murder, rape or rob. Here intent is not an element of the charge.

The question remains, however, whether an unloaded gun is a dangerous weapon. It is the potentiality of its use to effectuate the implied threat of injury that makes any weapon dangerous. The assault was accomplished by intimidation. This intimidation was based on the fact that the gun, whether loaded or unloaded, could effect personal injury. It could be used as a bludgeon. See *Hayes* v. *State*, 211 Md. 111, 126 A.2d 576, 578–79 (1956). See also *State* v. *Deso*, 110 Vt. 1, 8–9, 1 A.2d 710, 714 (1938). We hold as a matter of law that a gun, whether loaded or unloaded, is a dangerous weapon when used in the commission of a robbery. The actual danger we held to be a requisite in a prosecution for reckless endangerment in *State* v. *McLaren*, 135 Vt. 291, 376 A.2d 34 (1977), is not an element of the offense here charged under 13 V.S.A. § 608(b).

### III.

Lastly defendant claims that the charge to the jury was error in that it did not include a list of lesser-included offenses based on the unloaded gun. A search of the record discloses that no objection was made to the charge. It is long standing law incorporated in V.R.Cr.P. 30 that "before an error in the jury instructions can be the basis of an appeal the aggrieved party must have made specific objection after the delivery of the charge, stating distinctly the matter to which he objects and the grounds of the objection." *State* v. *D'Amico*, 136 Vt. 153, 157, 385 A.2d 1082, 1085 (1978). Not only was no objection made to the failure to charge lesser-included offenses but the defendant specifically requested the court not to charge the lesser-included offense of simple assault as it would be inconsistent with his alibi defense. Such request, coupled with the defendant's failure to object to the charge, absent plain error, constitutes a waiver of the objection. *State* v. *D'Amico, supra.*

*Judgment affirmed.*