### State of Vermont v. Richard A. Darling

[449 A.2d 928]

No. 23-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 10, 1982

*Michael J. Sheehan,* Windsor County State's Attorney, and *Susan L. Fowler,* Deputy State's Attorney, White River Junction, for Plaintiff-Appellee.

*David W. Reeves* and *Thomas J. Fitzpatrick*, Law Clerk (On the Brief), Woodstock, for Defendant-Appellant.

**Billings, J.** The defendant-appellant was convicted of two counts of simple assault. 13 V.S.A. § 1023(a)(3). On appeal he claims the trial court erred: (1) in denying his motion for judgment of acquittal at the close of the evidence; (2) in its jury instructions regarding the duty to retreat where self-defense has been raised; and (3) in not instructing the jury regarding the mutual combat provision of the simple assault statute, 13 V.S.A. § 1023(b).

This case involves an assault by the defendant on three men who were walking on the railroad tracks behind his house. Several days prior to the incident, the defendant and one of the victims met and had a verbal confrontation. At approximately 4:00 p.m. on the afternoon of the day of the incident, the defendant received a phone call threatening his life. There was conflicting evidence as to the identity of the caller: the defendant claimed that he recognized the voice as that of the man with whom he had had the prior altercation, his wife named a third party not related to this incident, and the victim involved denied making the phone call. Some six hours after the phone call the victim referred to above and two friends were walking unarmed along the railroad tracks leading from Wilder, Vermont, to White River Junction, Vermont. They had just passed the defendant's house, which abutted the railroad right of way, when the defendant came out of his house with a loaded shotgun. Believing that one of them was the person who had made the telephone threats that afternoon, the defendant called to the three men, told them to halt, and then fired a shot over their heads. At least one of the three turned towards the defendant who advanced rapidly, shotgun leveled at his hip, and yelled, "I ought to shoot you all." The defendant then struck one of the men with the butt of the gun, and drove the gun into another's ribs. During the struggle the defendant cocked the gun, and it discharged, seriously wounding one of the men in the leg. Defendant then went back to his house while one of the men ran to a police station only a short distance away.

The sole issue raised on a motion for judgment of acquittal, V.R.Cr.P. 29, is whether the State has introduced

evidence fairly and reasonably tending to show the defendant guilty beyond a reasonable doubt. *State* v. *Burclaff*, 137 Vt. 354, 357–58, 404 A.2d 512, 514 (1979). The defendant based his motion for acquittal on 13 V.S.A. § 2305(1) claiming that he was acting in self-defense. Generally, if one sees another coming towards him in a hostile manner and under circumstances that would lead one to believe he is in danger, he may be justified in shooting his assailant if it reasonably appears that he can defend himself in no other way. *State* v. *Doherty*, 72 Vt. 381, 396, 48 A. 658, 664 (1900), *appeal dismissed*, 189 U.S. 514 (1903). That is not the case here, however, because there is no evidence that anyone approached the defendant in a hostile manner. The defendant was clearly the aggressor. The three men had already passed the defendant's property and were 200 feet down the railroad tracks when the defendant left his property, climbed up on the tracks, and fired the warning shot. Although the defendant may have been justifiably upset because of the threatening telephone call, the three men on the railroad tracks had taken no action, at that point, which would justify the defendant's behavior. There was nothing about their behavior that night which would suggest the defendant was under any immediate and unavoidable danger. Taking the evidence in the light most favorable to the State, *State* v. *Driscoll*, 137 Vt. 89, 100, 400 A.2d 971, 975 (1979), the State clearly introduced evidence that fairly and reasonably tended to show defendant guilty beyond a reasonable doubt. The trial court's denial of the motion to enter judgment of acquittal was without error.

■ Defendant claims that the court did not properly charge the jury regarding self-defense. We need not reach this issue, however, because even if the trial court had incorrectly stated the law on self-defense, this error would have been harmless. *State* v. *Hohman*, 138 Vt. 502, 506, 420 A.2d 852, 855 (1980). The defendant was not entitled to such a charge as there was no evidence to support a finding of self-defense. To reiterate, on these facts it is clear that the defendant was the aggressor; he went up onto the railroad tracks with a gun for the admitted purpose of frightening the victims, who were unarmed at the time and made no overt hostile act toward the defendant. The defendant could

not have reasonably believed he was in any immediate danger. *State v. Dragon,* 128 Vt. 568, 570, 268 A.2d 913, 915 (1970); *State v. Doherty, supra.*

■■ Finally the defendant alleges that the trial court erred by failing to instruct the jury on the statutory provision of 13 V.S.A. § 1023(b) which limits the penalties for simple assault when committed in a fight or scuffle entered into by mutual consent. A request to charge or an objection to the instruction as given is necessary to preserve the issue for appellate review, V.R.Cr.P. 30; *State v. Joyce,* 139 Vt. 638, 640, 433 A.2d 271, 273 (1981), absent glaring error, *State v. Mecier,* 138 Vt. 149, 157, 412 A.2d 291, 296 (1980). Although the trial court has the obligation to fully instruct the jury on every issue material to the case, *State v. Coburn,* 122 Vt. 102, 105, 165 A.2d 349, 352 (1960), our review of the record uncovers no evidence which would warrant a mutual combat instruction. Given the evidence at trial that the defendant pursued the State's witnesses as they walked away from his property, that the defendant was armed with a deadly weapon, that the State's witnesses were totally unarmed, and that they made no hostile act toward the defendant, the court properly omitted the instruction on mutual combat.

*Affirmed.*