# State of Vermont v. Blanche M. Hoadley

[512 A.2d 879]

No. 83-504

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed March 28, 1986

Mandate Stayed April 18, 1986; Stay of Mandate Vacated May 2, 1986

50

*Jeffrey L. Amestoy*, Attorney General, and *Susan R Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Gibson, J.** Defendant Blanche Hoadley was convicted, after trial by jury, of (1) simple assault in violation of 13 V.S.A. § 1023(a)(1), and (2) simple assault on a law enforcement officer in violation of 13 V.S.A. §§ 1023(a)(1) and 1028(a)(1).[1] Defendant appeals, claiming five grounds for reversal. Defendant's primary contentions are that the trial court erroneously failed to instruct the jury on the necessity defense, and committed plain error by instructing the jury that defense of a third person does not apply to this case. Defendant also claims the court erred in its jury instructions concerning the elements of recklessness and "lawful duty," and in its exclusion of certain testimony on hearsay grounds. We affirm both convictions.

On June 12, 1983, a falling tree struck defendant's husband while he and several others were cutting wood. The police and an emergency medical team were called to the scene. Defendant returned from a brief shopping trip at approximately the same time as the ambulance arrived. Emotionally distraught at the sight of her injured husband, who was receiving treatment from a medic, defendant attempted to reach her husband to administer medication prescribed for his heart condition. When the medic told defendant that her husband did not need the medication and pushed her away, defendant struck the medic on the head. Although the injured medic happened to be the niece of the injured man, testimony indicated that some personal animosity existed between them, and defendant therefore did not want the niece treating her husband.

After defendant's initial blow to the medic, two police officers pulled defendant away; as they did, defendant kneed Officer Wells in the groin. The officers then attempted to calm defendant, and transported her to the emergency room of the local hospital where her husband had been taken. According to Officer Wells' testimony, defendant burst into the emergency room and struck another emergency worker in the back, whereupon the officer arrested defendant.

---

[1] A third charge against defendant for simple assault in violation of 13 V.S.A. § 1023(a)(1) was dismissed by the prosecution immediately prior to the conclusion of the trial.

## I.

■ Defendant first claims that the trial court erred by failing to instruct the jury on a necessity defense. Although defense counsel did not request an instruction on the necessity defense, defendant correctly cites the established rule that "it is always the duty of the court to charge fully and correctly upon each point indicated by the evidence, material to a decision of the case, whether requested or not." *State* v. *Brisson*, 119 Vt. 48, 53, 117 A.2d 255, 258 (1955). In this case, however, when the trial judge asked if she was raising a necessity defense, defense counsel responded, "I'm not raising necessity, your honor, simply defense of a spouse." We here must determine the effect defense counsel's express denial of the necessity defense has on the trial judge's duty to charge the jury, in light of the evidence presented.

In *Brisson*, defendant was charged with driving while intoxicated. In his defense, the defendant relied substantially on the existence of multiple sclerosis symptoms, both in the evidence he presented and in the objections he made to the jury instructions. *Id.* at 50-52, 117 A.2d at 256-57. This Court concluded that the trial court's failure to make any reference to Brisson's defense in its jury instructions was error. *Id.* at 53-54, 117 A.2d at 258. The policy behind the ruling in *Brisson* is that the jury should not be precluded from considering the sole defense upon which a defendant relies at trial. *Id.* at 54, 117 A.2d at 258.

■ The situation in this case is significantly different from that in *Brisson*. Defendant Hoadley did not rely on the necessity defense, but explicitly rejected it when questioned by the court, both at pretrial conference and during trial. Further, no objection was made by defense counsel to the court's failure to charge the necessity defense. Absent plain error, this Court will not consider defendant's claim on appeal unless the alleged error is first brought to the attention of the trial court. *State* v. *Neale*, 145 Vt. 423, 430, 491 A.2d 1025, 1030 (1985); *State* v. *Billado*, 141 Vt. 175, 188, 446 A.2d 778, 785 (1982). Although we uphold the duty of the trial judge to charge the jury fully and accurately on all issues raised by the evidence at trial, we cannot impose it in these circumstances.

Defendant claims that her objection to the jury instructions was sufficient to apprise the trial judge of the need for a necessity defense charge. At the close of the court's jury instructions, de-

fendant objected: "I believe I have to register an objection . . . on the point of whether, in fact, an assault on the third person is requisite for a defense of self-defense . . . ."

Under our interpretation of V.R.Cr.P. 30, however, "before an error in the jury instructions can be the basis of an appeal the aggrieved party must have made specific objection after the delivery of the charge, stating distinctly the matter to which he objects and the grounds of the objection." *State* v. *D'Amico*, 136 Vt. 153, 157, 385 A.2d 1082, 1085 (1978). Our search of the record reveals no specific objection to the jury instructions for failure to charge the defense of necessity.

■ Further, we have held that when a defendant requests the trial court not to instruct on a particular aspect of the law, and fails to object to the charge as given, any objection has been waived. *State* v. *Parker*, 139 Vt. 179, 183, 423 A.2d 851, 853 (1980). Although defendant Hoadley did not request the trial court not to charge the necessity defense, the situation is analogous to that presented in *Parker*. When given the opportunity to make clear to the court what defense she was raising, defendant clearly rejected the necessity defense. Defendant then made no objection to the trial court's failure to charge a necessity defense. Thus, defendant's express denial of the necessity defense, coupled with a failure to object to the charge on this ground, constitutes a waiver of the objection. See *id.*

## II.

■ Defendant's next three claims concern alleged errors that were not objected to below. Therefore, to justify reversal on any of these claims, we must find plain error. *State* v. *Boucher*, 144 Vt. 276, 282, 478 A.2d 218, 222 (1984); V.R.Cr.P. 52(b). Plain error can be found only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights. *State* v. *Anderkin*, 145 Vt. 240, 245, 487 A.2d 142, 144 (1984) (citations omitted).

## A.

Defendant claims plain error in the trial judge's charge to the jury that "defense of another person" was inapplicable to this case. We disagree.

■ The essential requirements of the defense are that (1) a reasonable person in the defendant's position would believe his intervention to be necessary for the defense of the third person, and (2) in the circumstances as that reasonable person would take them to be, the third person would have the right to use such force to protect himself. *Commonwealth* v. *Martin*, 369 Mass. 640, 649, 341 N.E.2d 885, 891 (1976). More specifically, the defense of third persons is "predicated on the social desirability of encouraging people to go to the aid of third parties who are in danger of harm as the result of the *unlawful actions* of others." *Commonwealth* v. *Monico*, 373 Mass. 298, 303, 366 N.E.2d 1241, 1244 (1977) (emphasis supplied).

■ The trial court, at defendant's behest, correctly focused on whether defendant reasonably perceived a threat of bodily harm to her husband that required her intervention, and if so, whether she would have been justified in using force to counter the threat. Cf. *State* v. *Darling*, 141 Vt. 358, 361, 449 A.2d 928, 929 (1982) (Only if one, as the result of some hostile action by another, believes he is in danger may he be justified in subduing his assailant as a matter of self-defense.).

As we stated above, the trial court has a duty to charge upon each material point indicated by the evidence. *Brisson, supra,* 119 Vt. at 53, 117 A.2d at 258. At no time did defendant offer evidence to indicate that she had reason to believe her husband was in danger of harm due to the unlawful or hostile action of others. Thus, the trial court's instruction to the jury that defense of third persons was inapplicable does not rise to the level of plain error.

## B.

Defendant next claims plain error in the trial court's charge on the element of recklessness. In its charge, the court stated that "recklessly signifies a disregard of circumstances and indifference to the consequences, and indifference whether or not a wrong or injury is done." Defendant argues that the charge was deficient because it allowed the jury to determine guilt by merely finding that defendant acted negligently. Defendant suggests that the

trial court should have used the language set forth in the Model Penal Code § 2.02(2)(c).[2]

■■ We note that in charging the jury "the court is free to select its own language, so long as the essential elements are properly put before the jury." *State* v. *Audette*, 128 Vt. 374, 378, 264 A.2d 786, 789 (1970). Furthermore, the court has an obligation to avoid "over definition" of statutory language, "particularly when the word in question is one of plain meaning and may well be understood by its context." *Id.* There is no plain error in this instance. The charge on recklessness was sufficient to require the jury to find a more culpable mental state than simple negligence in order to convict. Though not as well stated as the Model Penal Code definition, the trial judge's charge on recklessness was adequate.

## C.

Defendant next claims that the trial court committed plain error by failing to instruct the jury properly on the element of "lawful duty" concerning defendant's charge of simple assault on a law enforcement officer. Defendant also claims that the court erred by directing the jury to find that a deputy sheriff was a law enforcement officer. The trial judge instructed the jury that "the State must prove beyond a reasonable doubt . . . that the person assaulted was a law enforcement officer performing his lawful duties . . . ."

■ There is no evidence in the record that the arresting officer was acting outside his official duties when he removed defendant from the medic attending her husband. The evidence indicates that the officer was in uniform and acting within the scope of his authority when defendant kneed him. Defense counsel admitted that there was no dispute that the arresting officer was a law enforcement officer performing his lawful duties. In light of the evidence, the court's instruction, if error, does not constitute

---

[2] Model Penal Code § 2.02(2)(c) (1985) defines "recklessly":

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.

plain error. See *State* v. *Peters*, 141 Vt. 341, 348-49, 450 A.2d 332, 336 (1982) (defendant was not prejudiced by trial court's failure to adequately define the element of lawful duty when there was no evidence in the record to indicate that officer acted outside the scope of his employment).

## III.

 Finally, defendant claims that the trial court wrongly excluded her testimony, on hearsay grounds, that a person told her about her husband's condition. Defendant urges that the excluded testimony was necessary to counter the State's evidence that she had acted without knowledge of her husband's condition. In light of defendant's waiver of the necessity defense, and the inapplicability of the defense of third persons, however, the testimony had no bearing on the outcome of the case. Further, we note that the assaults occurred before defendant was told of her husband's condition. Thus, the excluded statements could only have affected defendant's state of mind after the commission of the offenses. The exclusion of defendant's testimony on hearsay grounds was at most harmless error, see V.R.E. 103(a) (erroneous evidentiary ruling which does not affect substantial rights of a party is harmless error), obviating any need to decide the propriety of the exclusion on those grounds. V.R.Cr.P. 52(a) ("Any error . . . which does not affect substantial rights shall be disregarded").

*Affirmed.*