## State of Vermont v. Richard L. Lovejoy

[549 A.2d 643]

No. 87-026

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed June 17, 1988

*Robert Andres, Chittenden County Deputy State's Attorney,* and *Elizabeth Fey Novotny* and *Gary S. Kessler, Law Clerks (On the Brief)*, Burlington, for Plaintiff-Appellee.

*McNamara, Fitzpatrick & McCormick*, Burlington, for Defendant-Appellant.

**Keyser, J.** (Ret.), Specially Assigned. After a trial by the court, defendant was convicted for driving while intoxicated in violation of 23 V.S.A. § 1201. At trial, defendant raised the defense of entrapment. The court found that the evidence failed to support defendant's entrapment defense. Defendant appeals his conviction claiming the evidence does not support a finding of guilt beyond a reasonable doubt since he proved entrapment by a preponderance of the evidence. We disagree and affirm.

The evidence at trial indicated that defendant and a companion were involved in a dispute at a bar in Burlington, to which a police officer was dispatched. The officer arrived at the same time defendant and his companion were leaving. These facts were not disputed. What was disputed was the conversation that followed between the officer and defendant and his friend. The police officer claimed that he asked defendant how he and his friend were getting home and defendant told him that they were walking. According to defendant and his companion, later a witness at defendant's trial, the police officer asked defendant how they were getting home and defendant told him that they were driving in defendant's car. Defendant claims the officer told him that if he

did not get in his car and leave, he would be arrested for disorderly conduct. Moments later this same police officer pulled over a car in which defendant was driving when he noticed that the car was weaving down the road and accelerating and braking erratically. The officer gave defendant a sobriety test, which he failed, then took defendant into custody for a breath sample and arrested him for driving while intoxicated. Defendant's account and that of his companion was the basis of his entrapment defense.

The trial judge chose to believe the officer's testimony over that of the defendant and his witness, pointing out that defendant and his companion had been drinking, which was uncontroverted, whereas the officer had not been. The judge simply did not believe that the police officer directed the defendant to operate a motor vehicle when the officer knew he was intoxicated, thereby inducing defendant to commit a crime he would not have otherwise committed. See *State* v. *Wilkins*, 144 Vt. 22, 29, 473 A.2d 295, 299 (1983).

The general rule is that:

> The trier of fact has the sole determination concerning the weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony. We will sustain a finding if it is supported by any credible evidence.

*State* v. *Parker*, 139 Vt. 179, 182, 423 A.2d 851, 852 (1980) (citation omitted). The court, as trier of fact, reasonably found the police officer's testimony to be more credible than that of defendant and his companion. This Court will not set aside findings of fact unless they are clearly erroneous, *State* v. *Harvey*, 145 Vt. 654, 657, 497 A.2d 356, 357 (1985), and "we must affirm the judgment unless we find there was no credible evidence presented which would justify a verdict of guilty." *State* v. *Jaramillo*, 140 Vt. 206, 208, 436 A.2d 757, 759 (1981). Based on the officer's testimony, there was substantial and credible evidence on which the trial court could have concluded that defendant was not entrapped, and therefore guilty of driving while under the influence of intoxicating liquor.

*Affirmed.*