## State of Vermont v. John R. LaCourse

[716 A.2d 14]

No. 97-108

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed May 8, 1998

Motion for Reargument Denied July 13, 1998

*Terry Trono*, Washington County State's Attorney, Barre, for Plaintiff-Appellee.

*Michael Rose*, St. Albans, for Defendant-Appellant.

**Amestoy, C.J.** Defendant appeals his jury conviction of perjury in violation of 13 V.S.A. § 2901. He contends that: (1) the trial court erroneously failed to submit the issue of materiality to the jury; and (2) the prosecutor improperly adduced testimony concerning defendant's pre-arrest silence. We affirm.

In July 1995, defendant was arraigned on charges of reckless driving and attempting to elude the police. The trial court found probable cause based upon the affidavit of a police officer who stated that on July 9, 1995, she had observed defendant driving the vehicle that was the object of a police pursuit. The officer further noted that, at the time of the pursuit, defendant was on parole for driving while intoxicated and was under a lifetime suspension from operating a motor vehicle for multiple prior convictions. Defendant testified under oath at the arraignment in support of his request for release on his own recognizance. He stated that he had last seen his truck on July 8, one day before the chase, and that he had reported the vehicle stolen on July 15.

Defendant was later arraigned on one count of perjury. 13 V.S.A. § 2901. The basis of the charge was defendant's statement under oath at the arraignment, contradicted by several officers involved in the police pursuit, that he had neither seen nor driven his car since July 8. At the conclusion of the trial, the court instructed the jury in the language of the perjury statute, which applies to any person "who, being lawfully required to depose the truth in a proceeding in a court of justice, commits perjury." *Id.* The jury returned a verdict of guilty. This appeal followed.

I.

Defendant first contends that the court erred in failing to instruct the jury on the issue of materiality. A false statement under oath generally may be punished as perjury only if it was material to

an issue in the proceeding in which it was made. See *State v. Rosenberg*, 88 Vt. 223, 230, 92 A. 145, 148 (1914) ("The rule that the matter sworn to must be material to the issue or question in controversy in order that perjury may be assigned upon it is elementary."). Historically, many courts, including our own, have considered the issue of materiality in a perjury prosecution to be a question of law for the court to decide. See, e.g., *State v. Wood*, 99 Vt. 490, 495, 134 A. 697, 698 (1926) (issue of whether false statement was material to proceeding "was one of law for the court to decide"); *United States v. Gribben*, 984 F.2d 47, 50 (2d Cir. 1993) ("Materiality of a false statement as an element of the crime of perjury is a question of law for the district court to decide, not a question of fact for a jury."); *People v. Hedgecock*, 795 P.2d 1260, 1266 (Cal. 1990) (in perjury prosecutions "the accused historically has not been entitled to have the jury decide the question of materiality").

In *United States v. Gaudin*, 515 U.S. 506 (1995), however, the United States Supreme Court held that, in a prosecution for making false statements in violation of 18 U.S.C. § 1001, the defendant was constitutionally entitled to have the element of materiality determined by a jury. "The constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged. The trial judge's refusal to allow the jury to pass on the 'materiality' of [defendant's] false statement infringed that right." *Id.* at 522-23. *Gaudin* confirmed a view previously adopted by a number of jurisdictions. See, e.g., *United States v. Gaudin*, 28 F.3d 943, 951 (9th Cir. 1994), *aff'd*, 515 U.S. 506 (1995); *Hedgecock*, 795 P.2d at 1266; see generally Annotation, *Materiality of Testimony Forming Basis of Perjury Charge as Question for Court or Jury in State Trial*, 37 A.L.R.4th 948 (1985) (collecting cases).

■ In light of the high court's ruling in *Gaudin*, we will undoubtedly need to reconsider the traditional rule in Vermont concerning the trial court's role in passing on the issue of materiality in a prosecution for perjury. We need not directly address that issue here, however. For even assuming that the court erred in failing to submit materiality to the jury, the issue was not raised by defendant below; although *Gaudin* had been decided a year earlier, defendant neither objected to the court's instructions nor submitted a proposed instruction of his own. See *State v. Pelican*, 160 Vt. 536, 538, 632 A.2d 24, 26 (1993) (our rule and case law require an objection following instructions to preserve issue for appeal). Hence, we review defendant's

claim for plain error under V.R.Cr.P. 52(b), which provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." As we observed in *Pelican*, plain error exists "only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." *Id.* at 538, 632 A.2d at 26 (quoting *State v. Hoadley*, 147 Vt. 49, 53, 512 A.2d 879, 881 (1986)).

Although the failure to submit materiality to the jury may implicate important constitutional rights, *Gaudin*, 515 U.S. at 522-23, this is not a case in which the presumed error resulted in a fundamental miscarriage of justice or the denial of a fair trial. The materiality of defendant's statement was patent; indeed, materiality was uncontroverted at trial. A transcript of the arraignment hearing admitted at trial shows that defendant's statement was made in the context of the trial court's assessment of defendant's risk of nonappearance, an assessment that may include the weight of the evidence against the accused. See 13 V.S.A. § 7554(b). Hence, defendant's denial of his participation in the charged offenses was plainly material to the proceeding in which it was made. See *Rosenberg*, 88 Vt. at 230, 92 A. at 148 (false statement "need not be material to the main issue or question; but it is sufficient if it is material to a collateral inquiry in the course of the proceedings"). The fact that defendant did not raise or contest the issue of materiality at trial speaks to the ultimate futility of the argument rather than to any deficiency on the part of trial counsel.

■ Our analysis and conclusion in this regard are entirely consistent with the United States Supreme Court's recent decision in *Johnson v. United States*, 520 U.S. 461, 117 S. Ct. 1544 (1997). There, as here, the defendant claimed that the trial court had erred in failing to submit the issue of materiality in a perjury prosecution to the jury, as required under *Gaudin*. There, as here, the defendant had failed to object at trial. Applying a plain error analysis, the high court concluded that the error was harmless in view of the fact that the issue was uncontroverted at trial, and the evidence of materiality was overwhelming. See *id.* at 470, 117 S. Ct. at 1550. "On this record," the Court held, "there is no basis for concluding that the error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). Here, similarly, the record provides no basis for finding that

the presumed error seriously undermined the "fairness" or "integrity" of the proceeding. *Id.* No fundamental "miscarriage of justice" will result from failing to note the error. *Hoadley,* 147 Vt. at 53, 512 A.2d at 881.

## II.

Defendant additionally contends that the prosecutor improperly adduced testimony from a State's witness commenting on defendant's constitutional right to remain silent. The witness in question, an investigator in the state's attorney's office, had testified that he contacted defendant on March 21, 1996, prior to his arrest and arraignment, to talk about the police pursuit that occurred on July 9 of the prior year. The prosecutor then inquired as follows: "What essentially did [defendant] say to you?" The witness responded: "That if those were the type of questions that I was going to ask that I should talk to his lawyer."

Defendant raised no objection to the question or the answer at trial. Nevertheless, he now contends that the witness's response represented an unconstitutional comment upon defendant's right to remain silent. Nothing in the record indicates that defendant was under arrest or in custody when he made his remarks to the investigator. Thus, there was no error, much less plain error, in admitting the statement. See *State v. Houle,* 162 Vt. 41, 44-45, 642 A.2d 1178, 1181 (1994) (defendant's statement to supervisor in noncustodial and noncoercive setting did not implicate right against self-incrimination); *State v. McElreavy,* 157 Vt. 18, 25, 595 A.2d 1332, 1336 (1991) (right against self-incrimination did not attach under either Vermont Constitution or United States Constitution absent custodial interrogation or police-dominated atmosphere).

*Affirmed.*